## TRAVIS v. LAVIGNE.
### No. 1505.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

Mat J. Allen, of Amite, for appellant.

S. S. Reid, of Amite, for appellee.

DORE, Judge.

This is a damage suit arising out of an automobile collision on highway No. 51 about a mile below Ponchatoula, in Tangipahoa parish. There was judgment in favor of plaintiff in the sum of $2,600, and defendant prosecutes this appeal; plaintiff has answered the appeal, praying for an increase to the amount originally prayed for.

The road upon which this collision took place is a straight road for quite a distance, and is an improved highway of this state.

The plaintiff, his wife being the driver of his automobile, was driving north in the direction of Ponchatoula, while the defendant was driving south from Ponchatoula. Plaintiff's wife was driving at a fair rate of speed, approximately thirty miles per hour, on the right-hand side or east side of the highway; defendant was traveling in a zigzag way on his left-hand side, or also on the east side of the highway. Plaintiff and his wife testified, and we see no reasons to disbelieve them, that they perceived defendant coming in their direction, driving his automobile in an unsteady way, on his left-hand side or eastern side of the highway, for some two or three hundred yards; they approached the defendant with full expectation that he would yield their lane of travel and would naturally take the lane of travel allowed him by law and general usage of the law of roads. At a point about thirty feet from plaintiff, plaintiff's wife, realizing that defendant would not yield the lane of travel, attempted to avert a head-on collision by sharply turning to the left, and at the same time defendant attempted to turn his automobile to the right, the result being that the right front wheels of the two cars crashed, with resulting damages to plaintiff, and some damage to defendant.

We are satisfied from the evidence in the record that defendant was in a high state of intoxication at the time of the injury, and that he was driving his automobile in a reckless manner, driving on his left-hand side, swerving from side to side, and zigzagging. The language which was used by defendant immediately after the accident was of such vile kind and character that none of the witnesses, not even the defendant himself, cared or desired to repeat it in court. The only excuse which defendant sought to offer for his driving on his left-hand side and occupying the eastern lane of travel and his zigzag way of driving was that he had had a "blow-out" or flat on the right front wheel; yet he would have the court to believe that, such being the case, it caused his automobile to swerve to the left, contrary to all other cases, it being well established by experience that it would cause the automobile to swerve to the right. We are convinced that defendant's way of driving and his physical condition were the sole causes of the accident.

The lower court, after hearing the evidence of this case, solved the facts in favor of the plaintiff, and we do not find wherein his judgment is manifestly erroneous.

We now pass to the question of damages. Dr. Travis' automobile was completely wrecked, and it was proven that prior to the accident the same had a value of $600; that Dr. Travis received for the salvage the sum of $65, making a net loss of $535. Dr. Travis suffered cuts on the leg, arm, and face, a fractured arm and a fractured leg, necessitating him to be removed from the scene of accident by ambulance to Ponchatoula, thence by train to Touro Infirmary, in New Orleans, wherein he remained for seven days. Thereafter, he was removed to his home at Independence, where he remained under treatment for a period of sixty days. The fractured leg is now one inch shorter than the other leg. The lower court has allowed the sum of $2,600 in full satisfaction of the damage caused. We find no reason to disturb the allowance.

Judgment affirmed.