LOTTINGER, Judge.
This suit was brought by the Finance Security Corporation and its employee, Bruce J. Birkmier, against J. P. Alford, S. W. Wilkes and Houston Fire and Casualty Company. The Finance Security Corporation claims property damages in the sum of $232.82, and Bruce J. Birkmier claims personal damages in the sum of $500, both claims arising from an accident between a car belonging' to the finance company, but driven by Birkmier, and a truck belonging to J. P. Alford, but-driven by S. W. Wilkes. The Houston Fire and Casualty Company was the liability insurer of the Alford truck. The lower court awarded damages to the finance company in the sum of $232.82, and to- Birkmier in the sum of $100. Petitioner Birkmier has appealed seeking an increase in his award for personal injuries, and all defendants have appealed alleging error.
On August 14, 1951, at about 1:30 p. m. petitioner Bruce J. Birkmier was driving the Ford automobile owned by petitioner, Finance Security Corp. in an easterly direction along the Franklinton-Bogalusa Highway within "the city limits of the 'City of Bogalusa. At the same time, the Chevrolet truck of defendant, J. P. Alford, was being operated by. his employee, S. W. Wilkes, in the course and. scope of his employment, in a westerly direction along said highway. Petitioners allege that, as the vehicles approached a curve in the highway, the truck cut over on the wrong side of the road, forcing Birkmier to drive his automobile into the ditch on his right side of the road in order to avoid being struck by the truck. When the automobile ran into the ditch, it turned over on its side causing the damage ■ to said automobile, and the alleged injuries of Birkmier. Petitioners claim that the proximate cause of the accident was due to the fact that defendant, Wilkes, was driving on the wrong side of the highway contrary to the law. Petitioners claim that Birkmier was faced with an emergency, due to the negligence of Wilkes, which resulted in the damages complained of.
*874 Defendants, on the other hand, contend that Wilkes was driving on his right side of the highway, but that the sole and proximate cause of the damages to petitioners was due to the fact that Birkmier was driving at a speed in excess of the laws of the City of Bogalusa, and that Birkmier lost control of his automobile, due to his excessive speed, and ran into the ditch, thus causing the damages complained of by petitioners.
The lower court held that the sole and proximate cause of the accident to the -car of petitioner finance company, and the resulting damages, were due to the negligence of defendant Wilkes in driving on the wrong, or his left, side of the highway. .The lower court gave judgment -in favor of petitioners and awarded damages as stated above.
At pre-trial conference it was admitted that the accident occurred on the date, and at the place alleged by petitioners, that defendant Wilkes was driving the defendant Alford’s truck in the course and scope of his employment with Alford and that the Houston Fire and Casualty Co. was the liability insurer of defendant Alford.
Defendant contends that the truck, 'at the time of the accident, was in its proper lane of traffic, but that the accident was due to the excessive speed of Birk-mier and his failure to keep his vehicle under proper control. In the alternative the defendants contend that even though the truck was somewhat to the left of its proper lane, the - proximate cause of The accident was still due to the excessive speed of Birkmier and his failure to keep a proper lookout and to keep his vehicle under control.
Petitioner Birkmier admitted in his testimony that he did not put on his brakes upon noticing the truck being driven in his lane. However, he testified that he believed that he could avoid the impending accident by pulling over to his right shoulder. He claims that he was faced with an emergency, and contends that had he put on his brakes and stopped there was still the possibility that the truck might run into him. It was shown conclusively that the brakes on the car driven by Birkmier had been adjusted just a few- days prior to the date of the accident, and that they were in good working order.
The preponderance of the testimony shows that just prior to meeting the car, the truck driver, Wilkes, looked to his rear to check the rear end of his truck. In looking to the rear, he opened his left door and looked out the door. This is admitted by Wilkes. The preponderance of the testimony further shows that, while Wilkes was looking to his rear, his truck veered to the left and crossed the center of the highway. This is easily explained, as Wilkes was rounding the inside of the curve at the time. An eye witness,. Jackie Bennett, testified that Wilkes was standing partially on his left running board and looking to his rear just prior to the time the vehicles passed each other. The evidence convinces us that at the time Birk-mier first saw the truck, the truck was either partially in its left lane, or was entering its left lane. At this time the truck and the car was some 180 feet from each other. We believe that Birkmier was faced with an emergency and was called upon to take one of two courses, either .to stop, or to pull over to his right shoulder. Had he chosen to stop, the accident might never have happened. . However, the law of this state is well settled to the effect that when an automobile driver, who by the negligence of another and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision, he is not guilty of negligence if he makes such a choice as a person of ordinary prudence, placed in such a position, might make, even though he did not make the wisest choice. Although, in this partic-uar instance, it might have been wiser to stop immediately, we do not believe that Birkmier can be held negligent because he took the other alternative which, at the time and under the circumstances, might have appeared to him to be the better one. There was much contradiction in the testimony as to the speed of the Birkmier car at the time of the accident. Birkmier *875 testified that he was "traveling at a speed of from 30 to 35 miles per hour, which we do not believe would have been excessive under the circumstances, although the speed limit of Bogalusa is 30 miles per hour. One witness estimated his speed at about 45 miles per hour, and another witness, although doubtful at first, finally said that Birkmier was going about 50 miles per hour. The lower court concluded the speed of Birkmier to be in the neighborhood of 30 to 35 miles per hour. This cqnclusion was based on the fact that Birkmier did not apply his brakes, and to the small, amount of damage suffered by the car driven by Birkmier. We do not believe that Birkmier was proceeding at an excessive rate of speed, and are unable to find error in the holding of the lower court on- this point.
The facts show that, upon seeing the truck proceeding towards him in its .left lane, Birkmier turned onto his right shoulder in an attemp to avoid being struck by the truck. He proceeded some distance on the shoulder, during which time the truck passed him. The evidence shows that the shoulder in the vicinity of the accident, is uneven. At some spots it is three or four feet wide, and in some other spots it is somewhat narrower. Mrs. Crockett testified that the shoulder is three to four feet wide, but that where the car went into the ditch there is only a narrow strip between the ditch and the pavement. This ditch is a deep one and was covered with weeds. We conclude, therefore, that Birkmier was safe in running onto the shoulder until he met the ditch, which was hidden. It was this ditch which caused Birkmier to turn over.
Tt is our opinion that Birkmier, upon entering the curve in the highway, was faced with the sudden 'emergency of seeing an approaching truck, being- driven in its improper, or left, lane of trafile. Confronted with, this emergency, Birkmier took one of the alternatives' open to him and- took his right shoulder to avoid being hit by the truck. While on the shoulder, Birkmier’s car ran into a ditch, which was hidden by weeds, causing his car to turn over and causing the damages complained of.' We -are unable to conclude that Birkmier was proceeding at an excessive rate" of speed, as he apparently had complete control over his vehicle until he ran into the ditch. We therefore hold that the accident, and the resulting damages, were due solely to the negligence of the defendant, Wilkes, in rounding the curve in his left, or improper, lane.
The lower court awarded damages to the car owned by Finance Security Corporation in the sum of $232.82. The defendants complain that said award is excessive as same includes a complete paint job to the car. The record shows that, as a result of the accident, it was necessary to paint the damaged part of the car, which item was in the sum of $20. The repair bill, which was introduced' into evidence, contains an item labelled “Extra Paint” in the sum of $50. It was shown that the car. was painted with metallic paint prior to the accident. The owner of the garage which repaired the car testified that, in order to match the colors, it was necessary-to give it a complete paint job. We believe that the lower court was correct in allowing this item of damages. The damages were caused by the negligence of defendants, and it is their duty to repair same and to place the car in the same condition it was prior to the accident. As the new paint was unable to be matched with the old paint, it was necessary to completely paint the car, which was properly allowed by the. lower court.
The lower court awarded damages to Birkmier in the sum of $100 for personal injuries suffered as a result of the collision. The injuries to Birkmier consisted ■ of bruises to his hip, ribs and hand. Birkmier was required to remain in bed for only on'e day. He testified that he was treated by a Dr. .Morgan for these injuries, however, he was. only treated by said doctor once. No evidence was introduced as to the injuries to Birkmier except the testimony of Birkmier himself. He admitted that the said injuries were minor, and we believe the award of the lower court was. neither inadequate nor excessive. We believe that the sum of $100 will adequately *876 cover the injuries and the resulting pain and suffering. . ■
For the reasons assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.