AYRES, Judge.
In this action in tort, plaintiff seeks to recover of defendants damages for physical and mental pain and suffering, for permanent injuries, for medical expenses incurred and anticipated for future treatment, and for loss of wages, past and future, allegedly resulting from an automobile accident of February 12, 1955.
The accident occurred on U. S. Highway No. 70 about three miles southeast of Globe, Arizona. Plaintiff and defendants are residents of Caddo Parish, Louisiana. Exceptions of no cause and of no right of action were filed and urged on behalf of both defendants. The exceptions were overruled as to the defendant, Claude A. Dance, but sustained as to the co-defendant, Mrs. Maude W. Dance, his wife, and, as to her, plaintiff’s suit was accordingly dismissed. She is not now before this court as no appeal was taken from the judgment on the exception in her favor. Defendant also filed and urged a plea of vagueness, in which the issues raised were disposed of by the filing of a supplemental petition.
Plaintiff, as a guest in Dance’s automobile, charged that the accident in which he was allegedly injured, was caused by Dance’s negligence in driving at an excessive rate of speed, in not maintaining a proper lookout, in not applying his brakes, and in failing to exercise proper precaution in meeting and passing another motor vehicle by suddenly swerving his car to the right instead of doing so gradually, and in failing to exercise reasonable care and prudence in driving an automobile equipped with power brakes. Alternatively, plaintiff urged the applicability of the doctrine of last clear chance or of discovered peril.
Defendant denies he was negligent in any respect and alleges that the accident was caused by the fault and negligence of the driver of a pick-up truck which they were meeting, in suddenly swerving to its left side of the road and into the lane and path of defendant’s car and in failing to keep a proper lookout or to keep his truck under control, and by forcing defendant, at least partially, off of the highway. In the alternative, plaintiff is charged with independent and contributory negligence in failing to keep a proper lookout, or to warn defendant of the approach of the oncoming truck on the wrong side of the highway. These issues thus presented were tried before a jury and predicated upon its verdict, a judgment was rendered and signed, rejecting plaintiff’s demands, from which he has appealed.
No serious contention as to the material facts is presented. Plaintiff was defendant’s guest on a trip from Shreveport, Louisiana, to California, where defendant was going for the purpose of purchasing redwood lumber for use on his farm or ranch. The accident occurred in the late afternoon of February 12, 1955, while Dance was traveling westerly on U. S. Highway No. 70. The highway was paved with asphalt twenty-two feet in width, with three foot shoulders. The evidence is undisputed that while proceeding at a speed of fifty miles per hour plaintiff and defendant saw a gray pick-up truck approaching, straddling the center line of the highway at a speed estimated from fifty to sixty miles per hour. Defendant was forced off the highway surface to the shoulder by the oncoming truck, which however, passed without incident to it and did not stop.
There were only two eyewitnesses to the accident, plaintiff, Cook, and defendant, Dance. Their versions of the accident are remarkably similar. However, during the accident plaintiff -changed positions in the car from the front to the rear seat. Dance says when the oncoming truck started over toward him, he remembers seeing plaintiff put one foot on the front seat and get over in the bade. Both saw the fast moving *352 truck as it approached from around a curve, a distance variously estimated at from l^th to 14-th of a mile away, first on its side of the road and then angling into their lane of traffic, to as much as two or three feet across the center line, whereupon defendant turned to the right and onto the shoulder of the highway. Cook estimated the speed of each of the vehicles at between fifty and sixty miles per hour. Dance estimated his own speed at fifty miles per hour when he first saw the truck approaching at a very fast and rapid rate of speed, but says that prior to the accident he had reduced his speed considerably.
Cook testified tire last time he saw the oncoming truck was when Dance jerked the Oldsmobile which he was driving to the right when the vehicles were about fifty yards apart. At that moment he says Dance yelled something like: “He is going to hit us”, and then suddenly jerked the car to the right and in doing so, missed the truck, after which the Oldsmobile went into a broadside skid, the car spinning half around and continued skidding until it hit a concrete culvert and turned over a number of times, coming to rest in an upside down position, facing the culvert, which they had just struck.
Dance testified that on first seeing the truck around the curve, he steered his car to the extreme right of his lane of traffic, and, on observing it angling into his lane, he further steered his car to the shoulder of the road, which constituted a reverse slope with an uneven surface of crushed stone; that as the truck continued and proceeded directly toward him, he gave out some exclamation indicating the urgency of the situation then confronting him and the possibility of the truck striking his automobile. In his successful attempt, therefore, to prevent the truck striking him, he swerved his car to the right and then back to the left in order to straighten out on the the highway after meeting and passing the truck. The car began to skid and the right rear wheel struck a hole in the surface of the road shoulder immediately above the culvert, causing the car to overturn.
This was the first time defendant had traveled this road, and, of course, he had no knowledge of the defect existing therein, which he says he did not see. From the photographs offered in evidence, taken from the position in which defendant was approaching the culvert, neither the culvert on his side of the highway, nor the depression above was readily observable, due to the surrounding terrain and vegetation.
The charges of negligence directed to defendant of excessive speed, failure to maintain a proper lookout, or to apply his brakes, and to exercise reasonable care in operating an automobile equipped with power brakes, have not been established by the evidence in the record. No serious contention is urged to the contrary.
The remaining question for consideration is whether or not defendant exercised due and reasonable care and caution in meeting and passing an oncoming truck. From testimony of both plaintiff and defendant no conclusion could be reached other than that in meeting the truck defendant was suddenly confronted with an emergency attributable only to the fault of the truck driver. Plaintiff says he never saw the truck after it got within fifty yards of defendant’s car. His failure in that respect perhaps is due to his springing over the back of the front seat to the rear of the car at a critical moment preceding the impending accident. But he did hear defendant’s exclamatory remark, indicating that the truck had suddenly headed toward the car.
Defendant, on observing the truck approaching for some distance, partially straddling the center line of the highway, drove to the shoulder of the road. He did not anticipate that the truck would go farther and suddenly change its course and head directly toward him, but that the situation was unanticipated and was wholly unexpected. It does not appear that it *353 would have been reasonable for a reasonably prudent and careful operator to have foreseen and suspected such maneuver on the part of the truck driver. In fact, as has been stated: “The reasonable and natural thing for him to do, and what the law and the rules of the road contemplate, is that he should keep to his right path in the road and rely on the assumption which he has a right to make that the other driver will get back to his side of the road before running into him. Kennedy v. Opdenweyer [1929], 11 La.App. 532, 121 So. 636; Travis v. Lavigne [1935], La.App., 161 So. 912.” Aguillard v. State, La.App. 1942, 7 So.2d 645, 648, 649.
When a driver of a motor vehicle is confronted with a sudden emergency not of his own making and to which he did not contribute, he cannot be held responsible or liable for errors of judgment committed by him in the emergency where he is compelled to act instantly in an effort to avoid an impending accident. In such circumstances he may not be said to be guilty of negligence if he makes such a choice as a person of ordinary prudence would have made even though it appear later that he did not make the wisest choice. He is not held to the same coolness, accuracy of judgment or degree of care that is required of him under ordinary circumstances and is not liable for injuries caused by his vehicle if an accident occurs under the stress of such emergency, provided he was exercising ordinary, prudent and reasonable care to avoid the accident. Snodgrass v. Centanni, 1956, 229 La. 915, 87 So.2d 127; Commercial Standard Insurance Company v. Johnson, 1955, 228 La. 273, 82 So.2d 8; Troy v. Landos, La.App. 1955, 85 So.2d 70; 65 C.J.S. Negligence § 123, p. 733; 38 Am Juris, p. 873, “Negligence”, Section 193.
Therefore, it is immaterial in such a situation that defendant, as contended by plaintiff, could have stopped or driven completely off the highway and thereby have avoided the accident. Such maneuver, even when subsequently reviewed, would not have brought assurance that the truck would not have continued its course and run into the car. Where it appears perfectly clear defendant was confronted with a sudden emergency without fault on his part, negligence cannot be attached to any possible error of judgment attending his reaction to the circumstances. Crawford v. Zurich General Accident & Liability Insurance Company, Ltd., La.App.1949, 42 So.2d 553.
The case of Finance Security Corporation v. Alford, La.App.1953, 63 So.2d 872, 875, presents a factual situation very analogous to the facts of the instant case. There, the Court of Appeal for the First Circuit stated:
“The facts show that, upon seeing the truck proceeding towards him in its left lane, Birkmier turned onto his right shoulder in an attempt to avoid being struck by the truck. He proceeded some distance on the shoulder, during which time the truck passed him. The evidence shows that the shoulder in the vicinity of the accident is uneven. At some spots it is three or four feet wide, and in some other spots it is somewhat narrower. Mrs. Crockett testified that the shoulder is three to four feet wide, but that where the car went into the ditch there is only a narrow strip between the ditch and the pavement. This ditch is a deep one and was covered with weeds. We conclude, therefore, that Birkmier was safe in running onto the shoulder until he met the ditch, which was hidden. It was this ditch which caused Birkmier to turn over.
“It is our opinion that Birkmier, upon entering the curve in the highway, was faced with the sudden emergency of seeing an approaching truck being driven in its improper, or left, lane of traffic. Confronted with this emergency, Birkmier took one of the alternatives open to him and took his right shoulder to avoid being hit by the truck. While on the shoulder, Birkmier’s car *354 ran into a ditch, which was hidden by-weeds, causing his car to turn over and causing the damages complained of. We are unable to conclude that Birk-mier was proceeding at an excessive rate of speed, as he apparently had complete control over his vehicle until he ran into the ditch. We therefore hold that the accident, and the resulting damages, were due solely to the negligence of the defendant, Wilkes, in rounding the curve in his left, or improper, lane.”
Our examination and comparison of the evidence demonstrates that a preponderance of the evidence frees defendant of the charges of negligence made against him. We find no manifest error justifying a reversal of the findings of fact of the trial court.
Plaintiff, however, most earnestly insists that the witness, Ernest R. Johnson, a state trooper of Globe, Arizona, who investigated the accident, has been so thoroughly discredited by his own contradictory statements as to establish his unworthiness of belief. We find it unnecessary to enter into a discussion of this contention because there were only two eyewitnesses to the accident, both of whom have testified in the case and from plaintiff’s own testimony it could only be concluded that defendant was confronted with a sudden emergency created by the driver of the approaching pickup truck. In viewing the situation from plaintiff’s point of view, as he saw it, it has not been established that defendant failed to exercise reasonable care and caution as would have ordinarily been exercised by a reasonably prudent person under the same or similar circumstances.
Plaintiff complains, too, of defendant’s testimony as well as that of Johnson, as to the existence or non-existence of the concrete abutment at the north end of the highway culvert near which the accident occurred, and which defendant is alleged to have struck with his car. Whether the defect in the shoulder of the highway consisted of a depression as contended by defendant, or an abutment to the culvert, as claimed by plaintiff, is a matter of no material importance or consequence. Whether one or the other, it was hardly discernible by one approaching in a car.
Plaintiff neither in oral argument nor in brief, discussed the doctrine of the last clear chance or that of discovered peril, nor has he pointed out wherein the doctrine would find application here. Therefore, this issue may be considered as having been abandoned. We may state, however, from our own review we are of the opinion it is inapplicable to the facts established as existing here.
Plaintiff also complains that the district court erred in twelve specific instances in failing and refusing to charge the jury with as many requested charges and in giving certain other charges. We have examined the general charge, also the special charges that were given, as well as those refused by the trial court. We find no substantial error justifying a reversal or that plaintiff has been prejudiced. Moreover, it is observed no complaint was made that by any erroneous ruling plaintiff was deprived of the benefits of the introduction of any testimony offered. The record is full and complete as to the manner of the occurrence of the accident. We have diligently reviewed this evidence without regard to or without having been influenced by the findings of the jury. From our independent consideration and appreciation of the evidence, we are unable to conclude that plaintiff has established his case by that degree of preponderance of evidence as required by law. .
Plaintiff further complains that the trial court failed to give consideration to certain authorities cited in support of his position. Consideration of these authorities is again urged in this court. The principal cases cited were: Ramsey v. McDaniel, La.App. 1955, 84 So.2d 276; Aguillard v. State, La. App.1942, 7 So.2d 645 and Whipple v. Lirette, 1929, 11 La.App. 485, 124 So. 160. *355 These cases are clearly distinguishable from the instant case and are inapposite from a fáctual standpoint. For instance, in the Ramsey case both drivers were negligent, one by driving on the wrong side of the road and the other by speeding. As stated herein, it has not been shown or established that defendant, Dance, was guilty of speeding or of any of the other acts of negligence charged to him. In the Aguil-lard case a penitentiary truck was being driven too far to the left side of the road while ascending a hill. This case in reality supports defendant’s position as has been pointed out hereinabove. In the Whipple case a car was parked after dark on the wrong side of the road near plaintiff’s residence. Leading from the residence to the road was a bridge across a roadside ditch. Plaintiff was standing on the bridge when struck by defendant’s car. The attempt of the driver in turning farther to his right to miss the car when the road was open to his left, constituted actionable negligence. He should have kept in the road. He was clearly not maintaining a proper lookout.
Plaintiff has filed a motion praying that this cause be remanded for the purpose of affording him an opportunity to offer in evidence additional photographs of the culvert across the highway near the scene of the accident, to be offered together with an affidavit of the photographer. This would be cumulative evidence and the expressed object is to further discredit the testimony of the state trooper and to contradict the testimony of the defendant as to the existence of an abutment to the culvert on the north or right-hand side of the road. As pointed out heretofore, whether the defect was an abutment to the culvert or a depression in the shoulder is a matter of no material importance. Therefore, we deem the motion to remand to be without merit.
We, therefore, conclude that the judgment appealed is correct and that it should be and it is hereby affirmed at appellant’s cost.
Affirmed.