TATE, Judge.
Mr. and Mrs. Everiste Parent were injured on the morning of April 14, 19S6, in a collision involving their car and a truck belonging to the Patterson Truck Lines, Incorporated (“Patterson”). The Parents appeal from the dismissal after trial of the present suit against Patterson and its liability insurer to recover damages sustained by plaintiffs in the accident.
The collision occurred at the “Y” intersection of U. S. Highway 90 with Louisiana Highway 20 near Gibson in Terrebon-ne Parish. It is undisputed that the entrance of the Parents’, proceeding westbound, into the intersection was inhibited by a stop-sign and a stop-barricade and that the east-bound Patterson truck was proceeding along the main highway route at the intersection and had the right of way.
Able counsel for plaintiffs-appellants nevertheless argues that Parent was entitled to enter the intersection in question, and that defendants’ driver was solely (or at least contributorily) negligent in the resulting accident because the Patterson truck was such a clear distance from the intersection that Parent could reasonably assume he could clear same before the truck with the superior right-of-way entered it; although allegedly because of the excessive speed of the defendants’ truck, not reasonably to be anticipated by Parent when he entered the intersection, plaintiffs’ car was struck before it had cleared the intersection. Cf., cases decided by this court such as Baranco v. Cotten, La.App., 98 So.2d 260, Wilson v. Williams, La.App., 82 So.2d 71; Seamons v. Aetna Cas. & Sur. Co., La.App., 62 So.2d 856; Gauthier v. Fogleman, La.App., 50 So.2d 321.
Defendants’ witnesses testified that the Parent automobile, slowing to a speed of 15-20 mph at the stop sign inhibiting its entrance upon the main traffic artery, nevertheless failed to stop there but continued into and entered the intersection when the truck was just 30-50 feet distant therefrom. Defendants’ witnesses testified that the impact occurred in the truck’s lane of traffic.
The plaintiffs testified that they came to an almost complete stop at the stop sign before entering the intersection and had accelerated to a speed of only 10-15 mph when they were struck by the *29 Patterson truck after they had crossed approximately 35' across the wide “Y” intersection from the stop-sign. They stated that at the time of their entering upon the main highway the truck was approaching at a speed of about 35-40 mph. The plaintiff’s husband, who was driving the car, testified that he saw the truck approximately 150 feet from the intersection before he entered same, and that he was struck past the mid-center of the intersection after the front of his car had cleared the defendants’ truck’s traffic lane. Even under the plaintiff driver’s testimony, he entered the wide intersection onto the main traffic route in the path of the defendants’ truck oncoming thereupon with the superior right of way, when the latter at plaintiff’s own estimate of 30-40 mph (43.8 feet to 58.4 feet per second) was just 150 feet away: that is, approximately 2(4 to 3 seconds in time distant from him when he entered the intersection; and even less from the point of impact of the accident, since the plaintiff had traversed approximately 35 feet after his entry and before the impact.
Under such circumstances, the District Court in our opinion correctly held that the sole proximate cause of the accident was the negligence of the plaintiff driver in pulling out onto the main traffic route in front of the oncoming truck which which was so close to the intersection at the time; the driver of which had the right to assume in continuing toward the intersection before plaintiff’s entry therein that the plaintiff driver would accord the truck the right of way to which it was entitled, especially since the plaintiffs’ car had drawn to a stop (or at least slowed) at the stop-sign inhibiting its entrance onto the main traffic route. Gautreaux v. Southern Farm Bureau, La.App., 1 Cir., 83 So.2d 667; Robbins v. Mydland, La.App., 1 Cir., 81 So.2d 561. Even had plaintiffs’ car crossed over half the intersection (which is disputed), it would not under the circumstances noted have (as claimed on behalf of plaintiffs) pre-empted the intersection, since “pre-emption requires not only the first entrance into the intersection, but that such intersection be entered with the reasonable opportunity and expectation of clearing same without obstruction to the crossing thereof by other vehicles,” Bahry v. Folse, La.App., 1 Cir., 83 So.2d 912, 913-914.
Further, we are unable to hold that any claimed misjudgment on the part of the truckdriver in not veering hard to his right so as to go around the rear of plaintiffs’ car and avoid the accident constituted negligence under the circumstances, since following plaintiffs’ negligent entry in the truck’s path there was no reasonable opportunity for the defendants’ truckdriver to perceive, appreciate and react so as to avoid the accident to the sudden emergency created less than three seconds before the accident solely by the negligence of the plaintiff driver. Cf., Brock v. Southern Farm Bureau Cas. Ins. Co., La.App., 1 Cir., 94 So.2d 492.
To avoid these legal conclusions attaching to the uncontradicted sworn testimony of both plaintiffs’ and defendants’ witnesses in the record, counsel suggests that this court can infer from the physical facts of the accident that the defendants’ truck was proceeding much faster than all witnesses testified. Principally, plaintiffs rely upon the supposed deduction to such effect to be drawn from the plaintiff’s testimony that he entered the wide “Y” from an almost complete stop (of 1-2 mph) and proceeded approximately 35 feet attaining a final speed of 10-15 mph before he was struck by the truck which was 150 feet away at the time of plaintiff’s entry, and the circumstance that following the impact the truck pushed the car for 127' before coming to a stop. Fully realizing that the testimony of witnesses as to speeds in accidents are at best estimates based upon deductions drawn from recollections of what may or may not have been accurately observed in the second or so of sudden crisis before an accident, nevertheless we do not *30 feel called upon to discount the uncontra-dicted sworn testimony herein as to the speed of the truck because of theoretical calculations of distances traversed when, at best, plaintiff driver’s own testimony as to the distance the truck was from him (varying for instance from 125 to 200 feet) when he entered the intersection, the point at which his car was when he observed it, and his own speed could themselves be but approximations; which, moreover, are contradicted by defendants’ witnesses.
As to any inference to be drawn from the truck’s having pushed plaintiffs’' car 127' after the impact — aside from the doubtful propriety of an appellate court’s discounting uncontradicted sworn testimony based merely upon its own opinion, in the absence of expert testimony in the record as to stopping distances and braking efficiencies upon the particular surfaces involved of the particular vehicles in question, cf., Lanier v. Hartford Acc. & Indem. Co., 228 La. 736, 84 So.2d 173—there are indications in the record in explanation of this stopping distance that the truck brakes could not safely have been fully and suddenly applied following the impact because of the truck’s heavy load of pipe (which would have been cast forward through the truck cab by any violent application of the brakes.)
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiffs’ suit is affirmed.
Affirmed.