196 So.2d 657 (1967)
Lester ROBERT, for the Use and Benefit of the Minors, Phyllis Robert, Kirk Robert, and Keely Robert
v.
The TRAVELERS INDEMNITY COMPANY.
No. 6947.
Court of Appeal of Louisiana, First Circuit.
March 13, 1967.
*658 Frank M. Coates, Jr., of Taylor, Porters, Brooks, Fuller & Phillips, Baton Rouge, for appellant.
David W. Robinson, of Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
BAILES, Judge.
This is an action brought by Lester Robert, as the administrator of his minor children, Phyllis, Kirk and Keely Robert, to recover damages for injuries allegedly suffered by the children in an automobile accident which occurred on May 31, 1965, in Ascension Parish.
This accident occurred when the 1955 Pontiac automobile driven by Renell J. Robert, a minor child of Lester Robert, collided with a 1964 Chevrolet truck with a pole trailer attached, driven by A. J. Spears. Renell Robert was driving in a northerly direction on Louisiana State Highway 44 at a speed between fifty and sixty miles per hour when Spears attempted to execute a left turn from Louisiana State Highway 431 onto Louisiana State Highway 44. At this point, Highway 431 ends in a "T" intersection with Highway 44, and a stop sign faces traffic coming onto Highway 44 from Highway 431. The Robert automobile struck the left side of the trailer near the rear end.
A compromise settlement was agreed upon between the plaintiff and Spears' liability insurer in which was alleged the probability of contributory negligence on the part of Renell Robert and a settlement taking that factor into account was confected with full reservation of all rights the other minor children of Lester Robert might have against the defendant, the liability insurer of the Robert vehicle.
Plaintiff has agreed with the defendant that it would be entitled to a credit of one-half of the amount of any judgment which might be rendered against it in this suit, again taking into account the negligence of Spears.
The defendant, Travelers, filed an answer denying negligence on the part of Renell Robert, and in the alternative, setting forth a third party claim against A. J. Spears and his insurer, United States Fidelity and Guarantee Company. This third party claim was later dismissed without prejudice by Travelers.
Following trial on the merits, the district judge rendered judgment in favor of the plaintiff, for the use and benefit of Phyllis Robert in the sum of $4,500; for the use and benefit of Kirk Robert, $750.00, and for the use and benefit of Keely Robert, $100.00, subject to a credit of one-half for each of these amounts. From this judgment, the defendant has perfected a suspensive appeal to this court.
The appellant contends that the trial court erred in finding negligence on the part of Renell J. Robert, and alternatively, *659 that the trial court erred in awarding excessive damages to Phyllis and Kirk Robert.
Therefore, the first issue to be determined is whether Renell Robert, driver of the vehicle in which plaintiff's other minor children were riding as passengers, was guilty of any negligence contributing as a cause in fact to the accident.
Both parties introduced the police report as evidence in the absence of testimony from the investigating officer. This report shows that the Robert vehicle left no skid marks and that the skid marks left by the Spears truck-trailer were caused by the impact. According to the report, Spears was traveling five miles per hour after having stopped at the stop sign. The reconstruction of the respective positions of the vehicles involved at the time of collision shows the cab of the truck-trailer straightened out in the southbound lane while the trailer was at an angle across Robert's northbound lane.
Renell Robert testified that when he first saw the truck, it was approaching the intersection. He stated that he thought it was going to stop since it was traveling so slowly. He further testified that when he was approximately three car lengths from the truck, it pulled into the intersection in front of him. At this point, he stated, he applied his brakes and attempted to steer the car in a manner to pass to the rear of the truck and turn off on the side road. He testified that he really did not have enough time to apply the brakes all the way and that accounts for the lack of skid marks.
Phyllis Robert testified that the only thing she remembered about the accident was that her brother applied the brakes when the truck came onto the highway.
The plaintiff also offered the testimony of Eugene Schexnayder who was driving in a southerly direction toward the Robert vehicle. He stated that he saw the truck enter the intersection about seventy-five yards in front of him and he applied his brakes and stopped his vehicle. He testified that the Robert vehicle had one wheel on the shoulder of the road and the driver was trying to turn into the side road to miss the truck. He further testified that the rear wheels of the trailer were just entering Louisiana State Highway 44 when the Robert vehicle collided with it.
LSA-R.S. 32:121(A) provides as follows:
"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."
Though a driver may be traveling on a favored street, he is not excused from the responsibility of looking into the direction from which other traffic may be expected to come. When he should reasonably realize that traffic will continue and will obstruct his passage across the intersection, he is guilty of negligence if he fails to take every precaution to avoid a collision. Traveling on a favored street does not relieve a motorist of his obligation to operate his vehicle in a prudent manner with due respect for those who might be crossing the right of way street and to comply with all provisions of traffic regulations. See Smith v. Borchers (1962) 243 La. 746, 146 So.2d 793; Randall v. Baton Rouge Bus Co. (1960) 240 La. 527, 124 So.2d 535; Baranco v. Cotten (1957) La.App., 98 So.2d 260; and Wilson v. Williams (1955) La.App., 82 So.2d 71.
The truck involved in this accident had entered the intersection at a very slow rate of speed. When the collision occurred, the cab of the truck had straightened out in its proper lane of travel and only a portion of the trailer was still in the Robert traffic lane. A vehicle traveling five miles per hour would travel 14.5 feet per second, and assuming, as did the trial judge, that the roadway was twenty feet wide, it would take approximately four seconds for the truck, fifty-five feet in length, to enter *660 the intersection and partially straighten out with a portion of the trailer remaining in the opposite lane. The Robert vehicle, if being driven fifty miles per hour, would travel 74 feet per second or 296 feet in four seconds and allowing for reaction time, could have been stopped in 166 feet. If the vehicle was traveling at sixty miles per hour, it would cover 88 feet per second or 352 feet in four seconds and considering reaction time, it could have been stopped in 226 feet. Blashfield's Cyclopedia of Automobile Law and Practice, Volume 9C, Section 6237, page 413.
Even though his vehicle was being driven on a favored highway, Renell Robert had the responsibility of operating the vehicle in a prudent manner. When he saw the truck and saw that it was continuing onto the highway and would obstruct his passage across the intersection, he was obliged to take every precaution to avoid a collision. When he saw the truck entering the highway, he had sufficient time to react and ample opportunity to slow his vehicle and bring it to a stop. The police report shows that there were no skid marks and the testimony of Renell Robert is that while he applied the brakes, he did not apply them all the way. Even assuming that he intended to pull around the rear of the truck and turn down the side road to avoid hitting it, a prudent man would have taken the precaution of applying his brakes to allow the truck more time to execute its turn. The evidence shows that the driver of the automobile took no action to avoid the accident when he had ample opportunity to do so, and that his failure to act contributed as a proximate cause in fact to the accident.
The appellant contends that even if Renell Robert was able to stop prior to striking the truck, he is still not guilty of negligence because he was faced with a sudden emergency created by the driver of the truck. In support of this contention is cited Snodgrass v. Centanni (1956) 229 La. 915, 87 So.2d 127; Jones v. Continental Casualty Co. of Chicago, Ill. (1964) 246 La. 921, 169 So.2d 50; Higginbotham v. Frazier (1957) La.App., 92 So.2d 89; Strug v. Travelers Insurance Co. (1951) La.App., 53 So.2d 437; Parent v. Patterson Truck Lines, Inc. (1958) La.App., 106 So.2d 27; and Reinninger v. Delta Fire & Casualty Co. (1958) La.App., 106 So.2d 746. While we have no argument with these decisions, we feel that they are not apropos to the factual situation at issue.
The doctrine of sudden emergency can be explained thusly: When one finds himself in a position of imminent peril without sufficient time to consider and weigh all the measures which might be taken to avoid an accident, he is not guilty of negligence if he fails to adopt what later appears to have been the best method, unless the emergency in which he finds himself is brought about by his own negligence. Before a motorist can take advantage of the sudden emergency doctrine, it must be found that the emergency was not brought about or contributed to by the motorist. See McMorris v. Hanover Insurance Co. (1965) La.App., 175 So.2d 697; Welch v. Welch (1965) La.App., 169 So.2d 713; Romans v. New Amsterdam Casualty Co. (1962) La.App., 137 So.2d 82; Marler v. State (1955) 78 So.2d 26; Gay v. United States Fidelity and Guaranty Co. (1955) La.App., 76 So.2d 60; and Finance Security Corporation v. Alford (1953) La.App., 63 So.2d 872.
It is our opinion that Renell Robert contributed to the emergency which confronted him by failing to apply his brakes and stop his vehicle when he had ample opportunity to do so. But for his failure to act, he would not have been placed in the position of having to swerve around the rear of the truck to avoid a collision. Had he acted and applied his brakes, he could have avoided a collision or at least could have allowed the truck additional time to straighten out and remove the trailer from his (Robert's) *661 lane of traffic. We do not believe that this situation would come within the sudden emergency doctrine since the emergency in which Robert found himself was partially caused by his own failure to act as a prudent man would have acted.
We turn now to the appellant's contention that the trial court erred in awarding excessive damages to Phyllis and Kirk Robert. Appellant does not question the award of the trial court in favor of Keely Robert.
Phyllis Robert, who was sixteen at the time of the accident, sustained fractures of three ribs which caused a fifty to sixty per cent traumatic pneumothorax and also sustained an incomplete fracture of the middle third of the left clavicle. She also suffered lacerations of the scalp and left thigh. She was hospitalized for six days and was under a doctor's care for a month. She did not testify as to the pain and suffering that she endured as a result of the accident but only stated that at the time of the trial she occasionally experienced pain in the chest area.
Kirk Robert, who was eight years old at the time of the accident, sustained a bruise on his face and experienced general pain throughout his face and abdomen. He complained of seeing double for approximately a week as a result of the accident.
The court succinctly stated the rules of appellate review in Linthicum v. Hill (1966) 185 So.2d 866.
"The trier of fact has much discretion in the award of general damages for personal injuries, which in the absence of abuse should not be disturbed upon appellate review. LSA-Civil Code Art. 1934 (3); Ballard v. National Indemnity Co. (1964) 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire (1963) 245 La. 239, 158 So.2d 149. As these decisions hold, on appellate review the amounts of awards in `similar' cases are relevant only to determine if the award is so excessive or so inadequate as to be an abuse of the `much discretion' of the trial court."
Bearing in mind the injuries sustained by Phyllis Robert, her period of hospitalization, and the treatment required for the collapse of the lung, the award granted by the lower court does not constitute an abuse of the discretion of that court.
However, we feel that the award granted to Kirk Robert was excessive. This boy's major complaint was that of seeing double for a period of a week. We feel that an award of $350.00 would compensate him for this inconvenience, and therefore will reduce the trial court's judgment of $750.00 to $350.00.
For the reasons assigned above, the judgment of the trial court in favor of the plaintiff, for the use and benefit of Phyllis Robert, and against the defendant, Travelers Indemnity Company, is affirmed. The judgment of the trial court in favor of the plaintiff for the use and benefit of Kirk Robert in the amount of $750.00 is reduced to the amount of $350.00. However, in view of the stipulation between the parties that in the event plaintiff should be held entitled to recover judgment, Travelers would be entitled to a credit of one-half of the amount of the judgment, and in keeping with the holding of Harvey v. Travelers Insurance Company et al. (1964) La.App., 163 So.2d 915, we reduce the awards granted by one-half. Accordingly, there is judgment herein in favor of the plaintiff, for the use and benefit of Phyllis Robert, and against the defendant, Travelers Indemnity Company, in the amount of $2,250, together with legal interest thereon from date of judicial demand until paid; and further, there is judgment herein in favor of the plaintiff, for the use and benefit of Kirk Robert, and against the defendant, Travelers Indemnity Company, in the amount of $175, together with legal interest thereon from date of judicial demand until paid; and finally, there is *662 judgment herein in favor of the plaintiff, for the use and benefit of Keely Robert, and against the defendant, Travelers Indemnity Company, in the amount of $50.00; together with legal interest thereon from date of judicial demand until paid. Appellant is casted for all court costs.
Amended and affirmed.