ELLIS, Judge.
This is a suit for personal injuries arising out of an accident which happened at the intersection of Louisiana Highways 30 and 3115. Plaintiff was operating his pick-up truck in a westerly direction on Highway 3115, a gravel road. Defendant Frank M. Lee was operating a 51 foot tractor-trailer rig in a northerly direction on Highway 30. Also made parties defendant are Aubrey LaPlace, lessee of the rig, and United States Fidelity and Guaranty Company, its insurer.
It is shown by a preponderance of the evidence that Highway 30 was under construction at the time of the accident, and was closed to public traffic. Barricades with “Road Closed” signs on them were located on Highway 30 on either side of the intersection. There was, however, sufficient room left on the paved surface of the highway for vehicles to drive around the barricades. Mr. Lee testified that he had permission from the contractor to use the road.
Mr. Lee testified that as he approached the intersection, he saw the barricade across his lane, and brought his rig to a stop 10 to 20 feet before he reached it. He looked to his right and left and saw no traffic approaching, whereupon he drove around the barricade into the southbound traffic lane, and proceeded across the intersection. When he was almost across, he heard a vehicle sliding in the gravel, and looked into his right hand rear view mirror in time to see the pick-up truck strike his trailer. He said the pick-up hit the trailer at the tire rack, just ahead of the rear wheels, at a point about six feet from the rear of the trailer. He stated that his rig was very slow starting, and that it would normally take him eight to ten seconds to clear the intersection.
Mr. Thomas testified that as he approached the intersection, he saw the rig approaching from his left, and saw it stop at the intersection. He assumed that it would remain stopped. When he realized that it was moving out into the intersection, he testified that he applied his brakes, but was unable to avoid the collision. He was knocked unconscious in the collision, and recalled nothing further until he woke up in the hospital. He was never asked his speed, and did not know how far he was from the intersection when he first saw the rig.
The investigating officer placed the point of impact in the northwest quadrant of the intersection, just west of the center-line of Highway 30. He measured 54 feet of skid marks left by the pick-up truck. He testified that the plaintiff told him that he was going 40 miles per hour, and that the tractor and trailer appeared in front of him suddenly. In his report, he quoted plaintiff as saying that the rig “suddenly came across.”
The trial judge found that Mr. Lee was negligent in that he failed to keep a proper lookout, and failed to yield the right of way. He found that Highway 3115 was the superior highway because Highway 30 was under construction, and because of the presence of the barricades. He further concluded that, in the absence of proof of the plaintiff’s speed, defendants had failed to establish any contributory negligence on the part of plaintiff. He rendered judgment in favor of plaintiff, from which defendants have taken an appeal.
Because we are of the opinion that the plaintiff was guilty of contributory negligence, we pretermit any discussion of the negligence of Mr. Lee.
We think it obvious from the length of the tractor-trailer rig, the slow rate of *538 speed at which it must have entered the intersection, and the length of time it took to cross the intersection that, no matter what the speed of Mr. Thomas’s vehicle might have been, he should have seen it in time to avoid the collision. If he were driving 40 miles an hour, he would have been 295 feet from the point of impact only five seconds before the collision. At 60 miles per hour, he would have been 440 feet away, and at 20 miles per hour, 145 feet away. At that time, the rig would have already been more than half way across the intersection. Had he seen it, as he should, he had ample opportunity to stop, even on a gravel road. As it was, his brakes were applied only 54 feet from the point of- impact, when it was too late to avoid the collision. He failed to see what he should have seen, and his negligence in that respect is a proximate cause of the accident. See Robert v. Travelers Indemnity Company, 196 So.2d 657 (La.App. 1 Cir. 1967).
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of defendants and against plaintiff, dismissing plaintiff’s suit at his cost.
Reversed and rendered.
Rehearing denied.