MILLER, Judge
(dissenting).
I respectfully suggest that the majority has disregarded the trial court’s determination of credibility and finding of fact. I do not find manifest error in the trial court’s determination that (1) plaintiff Ernst “. . . entered the intersection without fear of oncoming traffic and justifiably so as none was to be seen”; (2) defendant Lyons approached the intersection “. . . well after plaintiff had entered and almost cleared the intersection . . ; (3) due to defendant Lyons “rate of speed and lack of care . . .” Lyons was unable to avoid the accident; and (4) that plaintiff Ernst “ . . . had preempted the intersection and the negligence of defendant Lyons was the sole proximate cause of the accident.” Alternatively, if Ernst negligently entered the intersection, then it is submitted that defendant Lyons had the last clear chance to avoid the accident.
Both drivers drove into the intersection in their proper traffic lane. Lyons testified three times at Tr. 155 and 156 that he was on the right side of the road and in his proper lane. This places the point of impact in the southeast quadrant of the intersection and not “. . . in about the center of the intersection” as found by the majority. (Although the investigating officer put the point of impact “. . . in about the center of the intersection”,[1] his *834 testimony was general and not as specific as that of the drivers Lyons and Ernst.) Since both vehicles were in their right lanes, the majority erred in finding that the front of Lyons’ gasoline truck was seven to fifteen feet into the intersection when it struck the right side of Ernst’s cattle trailer. Instead Lyons was at most some five feet into the intersection when the front of Lyons’ gasoline truck struck the center (or rear) of the right side of the trailer. At that time Ernst’s pickup truck was entirely out of the intersection and the rear end of his trailer had cleared the north half or left side of Lyons’ road.
Lyons’ testimony was rejected by the trial court but has been accepted by the majority. How impressive is this witness ? Lyons testified four separate times to the impossible fact that both vehicles arrived at the intersection at approximately the same time. Tr. 75, 156 and 157. Three times Lyons testified that Ernst’s truck was six to eight feet ahead of him when he first saw the truck and trailer. Tr. 71. After the noon recess, Lyons testified on two occasions that “I first seen this other vehicle in front and to my left —just a very few feet in front of me.” Tr. 149, 150. Lyons admitted that he made no effort to look for approaching traffic from his left or right because the intersection was obscured by brush and trees. Tr. 72, 152. Lyons also testified that he considered that he had the right of way and made no attempt to look to the left or right or to slow before entering the intersection. Tr. 73, 152. Lyons testified that he believed that he struck the trailer before he applied his brakes. Tr. 74, 75, 154, 155.
It was established that the impact was “rather horrible” and caused severe damage to the steel cattle trailer. Tr. 121.
Defendant’s independent eye witness Mrs. Odessa Higginbotham testified at Tr. 143, that the trailer was almost out of the road when it got hit by the gasoline delivery truck.
The majority erred in stating that when Ernst first saw the Lyons truck approaching from his right that Ernst realized that a collision was imminent. Ernest did not so testify. The majority has substituted its finding that Lyons’ testimony is more credible and has disregarded the trial court’s rejection of his testimony. Lyons did testify that the accident was imminent when Lyons first saw Ernst. This only indicates that Lyons failed to see what he should have seen.
On the other hand, Ernst consistently testified on several occasions that he thought the collision had been avoided and that the collision could have easily been avoided had Lyons either slowed or maneuvered to his left. Typical of Ernst’s testimony is his explanation at Tr. 81. “. . .1 looked and looked for all coming traffic, and I saw none. I entered the intersection, and looked, and saw the truck coming; and the only response I could do was to accelerate, which was very minor for a truck pulling a trailer. And as I crossed the intersection, I knew the trailer and truck was behind me, and I most assuredly thought that we had missed a collision. I knew the truck was close. I thought that we had missed at the intersection until I felt the collision.” Ernst testified at Tr. 84 that Lyons told him after the accident "... that he did not see me in time to brake, or did not attempt to turn his steering wheel to avoid the accident.” Lyons did not deny this statement.
The trial judge specifically found that defendant Lyons was at least 100 feet from the intersection when Lyons (should have seen) that an accident was imminent. The *835 majority has substituted its own finding that Lyons was nearer SO feet from the crossing when Ernst first saw him.
The majority indicates that there is a 60 mph speed limit as this blind uncontrolled intersection of two country gravel roads of equal dignity. I submit that each vehicle had to prepare to yield to traffic approaching from the right. (There must be something wrong with the theory that drivers can approach such an intersection at high speed in disregard of vehicles approaching from their left, and are only to yield to vehicles approaching from their right.) Just as Ernst had to slow to yield to traffic approaching from his right, Lyons was obligated to slow to yield to traffic approaching from his right. Ernst did slow before entering and checked both left and right for approaching traffic. Because of the blind intersection he could not see far enough down the road to see the approaching gasoline truck. Lyons made no effort to slow or to look to his left or right. Had Lyons kept a lookout ahead of him, he would have seen Ernst enter the intersection at a time when Lyons could have easily slowed or maneuvered to his left to avoid the accident. Had Ernst not slowed before entering the intersection, he would have cleared the intersection before Lyons reached it.
The cases relied on by the majority are distinguished on the facts. Ernst’s slower moving vehicle had completely crossed the intersection and the trailer had cleared the north half of the intersection when the faster moving gasoline truck struck the center or rear of the right side of the trailer. At impact, the gasoline truck had proceeded only five feet into the intersection.
If the trial court erred in finding that Ernst preempted the intersection and if in fact Ernst negligently entered the intersection, Ernst’s negligence was not a legal cause of the accident because Lyons had the last clear chance to avoid the accident.
Last clear chance will apply .when a plaintiff establishes that he was in a position of peril of which he was unaware or from which he could not extricate himself, and when defendant should have discovered the peril in time to take reasonable actions to avoid the accident. Richard v. Southern Farm Bureau Casualty Ins. Co., 212 So.2d 471 (La.App. 3 Cir. 1968).
Plaintiff pled last clear chance and the requirements for application of this rule are met in the instant case. The evidence indicates that when Ernst became aware of his peril, Ernst attempted to accelerate to avoid the collision but was unable to speed up enough because of the attached loaded trailer. Lyons was at least 100 feet from the intersection when he should have known that a collision was imminent.
The trial court properly rejected Lyons’ testimony that the two vehicles reached the intersection at the same time. Had Lyons maintained a proper lookout he would have seen Ernst enter the intersection in time to slow and/or maneuver to his left to avoid the accident. Because of the length of Ernst’s pickup truck and trailer, Ernst’s slow rate of speed, the time it took to cross the intersection, the fact that the trailer was completely clear of the north half of the intersection when struck, and the fact that Lyons had just entered the intersection at impact, Lyons should have been able to observe the truck and trailer and should have been able to avoid the collision. Thomas v. Lee, 243 So.2d 536 (La.App. 1 Cir. 1970).
If the motorist on the favored street sees, or should see, that the driver of the other vehicle is not going to yield the right of way and thereafter he has a reasonable opportunity to avoid the accident by taking evasive action, then a duty rests on him to do so. Biggs v. Verbois, 151 So.2d 172 (La.App. 1 Cir. 1963).
*836 I submit that the majority has disregarded the trial court’s factual determination which was in turn based on an evaluation of the credibility of the witnesses, and therefore respectfully dissent.

. This also reduces the effectiveness of the officer’s testimony that the gasoline truck laid down 25 feet of skidmarks before impact. He was the only witness to find skidmarks on the gravel road and his testimony at Tr. 116 was: “ . *834 I believe I counted twenty-five feet of skidmarks prior to the accident.” Lyons’ truck was 22 feet long. Since the skid-marks would start at the point where his rear wheels were located when the brakes were firmly applied, Lyons’ testimony (that he didn’t apply his brakes until impact with the trailer) is supported.