This is an action for damages in the nature of personal injuries and property damage suffered by plaintiffs, husband and wife, in an automobile collision with a motor truck owned by defendant's assured. After trial there was judgment in favor of plaintiff, Crawford, in the total sum of $1,879.51, and in favor of the plaintiff, Mrs. Crawford, in the sum of $250. From this judgment defendant has appealed, and plaintiff, Mrs. Crawford, has answered the appeal praying for an increase in the judgment.
There is not a great deal of dispute as to the facts developed on trial of the case with respect to the actual incidents leading up to and culminating in the collision.
Plaintiff, Crawford, accompanied by his wife, was driving his 1948 Packard Tudor Sedan south on the Shreveport-Mansfield Highway, No. 171, late in the afternoon, but during good daylight, on January 3, 1949. As plaintiff was proceeding at an admitted rate of speed of some 40 to 45 miles per hour, he noted some distance ahead, and approaching him from the south, a Ford truck rounding a rather sharp curve, which vehicle suddenly and without warning went out of control and began to skid across the highway directly in front of plaintiff's course of travel. The road at the point of the collision is black-topped and was very slippery under the weather conditions existing *Page 555 
at the time, a misting rain having followed a slow steady rain which had been falling for some time. The road is bordered with ditches on either side, and, rather than take the chance of overturning in the ditch on the right, plaintiff veered his car to the left in order to avoid a collision with the skidding truck. This maneuver took plaintiff's vehicle over on to the wrong side of the highway in the path of oncoming traffic, and, before he could regain the proper side of the highway, the Packard collided with an oncoming Chevrolet track which had been following the Ford truck and proceeding in the same direction, that is, north, which collision inflicted serious damages to both plaintiff's Packard car and the Chevrolet truck, the latter of which overturned in the ditch by the side of the road on plaintiff's left. The Ford truck had overturned in the ditch on plaintiff's right.
As the result of the collision described both plaintiff and his wife claimed to have sustained some physical damages, and plaintiff's automobile, which was comparatively new and had been driven only about 3,500 miles, was demolished to such extent as to make the repair thereof impracticable.
The Ford truck was owned by defendant's assured, Mr. Ray Oden, and at the time was driven by Oden's Negro employee, Wilbert Harris. The Chevrolet truck, which also sustained substantial damage, recovery for which is being sought in a companion suit, was owned by the Shreveport Truck Rental Company, Inc., and at the time was driven by E. W. Gray, who had rented the use of the truck from the owner. The latter vehicle was insured by the National Casualty Company.
There is no serious conflict between the parties as to the physical circumstances narrated by each of them which had a bearing upon the accident. It is obvious that the loss of control of the 2 1/2 ton Ford truck by its driver, Harris, was the proximate cause of the accident. The testimony is not conclusive as to just what happened, whether the driver lost control of the truck by reason of excessive speed in negotiating the curve at the point, or whether some defect in the steering mechanism was responsible. In any event, under the facts developed on trial there can be no question as to the fact that the loss of control was due to negligence, and, certainly, neither plaintiffs nor the driver of the other truck involved were chargeable with any fault in the original instance.
The only serious question which develops is whether or not the plaintiff, Crawford, was guilty of negligence in maintaining an excessive rate of speed and failing to have his car under such degree of control as would have enabled him to bring the vehicle to a stop under the existing emergency, which action would have avoided any collision.
All the drivers of the vehicles involved were familiar with the road, and plaintiff, Crawford, was accustomed to traversing this particular section of the road twice a day in the course of the operation of two business enterprises, one of which was located some miles south of the point of the accident.
The several authorities cited by counsel for the parties as involving facts analogous to those before us are not controlling in view of the oft-repeated pronouncement of the courts of this State that the facts and circumstances of each particular case will govern a determination of liability. As has been many times observed no broad, general rule or regulation can be devised which will be applicable to every case.
The crux of this case lies in a determination of the charge of contributory negligence as against plaintiff, Crawford, which, if established, in turn could be asserted as an intervening incident proximately causing the actual collision. This involves solely a question of fact which was resolved in favor of plaintiff by our learned brother of the District Court. With this finding of fact we are in agreement.
There was nothing negligent in a speed of 40 to 45 miles per hour on an open road where no obstacle, impediment, nor any traffic was shown to have existed in the view of plaintiff along his own lane of travel. It would be unreasonable to consider that the driver of a motor vehicle is required to anticipate the sudden skidding of *Page 556 
an oncoming vehicle clear across the width of the highway immediately in front of his course. This is what happened in the instant case.
It is true that there is considerable testimony as to distances, and defendant strongly urges the adoption of a conclusion based on the fact that the Ford truck began to skid across the road several hundred feet in advance of plaintiff's automobile which allowed more than sufficient opportunity for plaintiff to bring his car, if properly under control, to a stop. We do not think this conclusion is justified under the evidence in the record. To the contrary we accord full weight to plaintiff's testimony that the application of his brakes under the circumstances would have been an extremely dangerous maneuver, possibly fraught with most serious results.
In any event, it is clear that plaintiff was confronted with a sudden emergency and no blame of negligence can be attached to any possible error of judgment attending his reaction. It follows that the charge of contributory negligence against plaintiff has failed of substantiation.
Much of the record before us is devoted to the establishment of damages to plaintiff's automobile, and numerous technical objections interposed to proof of damages in connection therewith. Notwithstanding the serious contentions made with respect to proof, we think it is preponderantly established that plaintiff's automobile sustained such serious damage as to render it unfit for use and unsatisfactory even after repair. The car was almost new, and we are of the opinion that plaintiff, having sustained damage of this nature, is entitled to the replacement value thereof, measured by the value of the automobile prior to the accident less the amount received as a trade-in value after the accident. The District Judge apparently found this value as being $1,644.51.
The other items of damage comprehended by the judgment included the allowance of $150 for physical pain, suffering and shock; $75 for the expense of rental of another automobile necessary for use in plaintiff's business; and $10 as the cost of an x-ray which was required by the defendant insurer.
All of these lesser items appear to have been conclusively established and no serious objection has been made to their allowance.
The plaintiff, Mrs. Crawford, sought the sum of $400 damages for pain, suffering and shock resulting from the accident. The District Judge allowed the recovery of $250, which she seeks, through answer to this appeal, to have increased to the full amount of $400.
Aside from sustaining some more or less painful bruises to her forehead, which injuries have had no lasting effect, the record does not support any claim to allowance of a substantial amount of damages. Unquestionably the item of shock resulting from the accident should be taken into consideration, but on the whole we do not find any basis justifying an increase in the sum fixed by the District Judge.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.