This is a suit for the recovery of damages caused to a rental truck owned by plaintiff in which the recovery of a total amount of $807.08 is claimed.
This is a companion case to C. Crawford, et ux. v. Zurich General Accident and Liability Insurance Company, Ltd., La. App., 42 So.2d 553. The facts involved are fully set forth in the opinion of the Court in the above entitled and numbered cause and no useful purpose would be served by repetition thereof in this opinion.
Accordingly, the only matter which need here be considered bears upon the amount and the extent of the damages allowed by judgment of the District Court. After trial on the merits there was judgment in favor of plaintiff and against the defendant, Zurich General Accident and Liability Insurance Company, Ltd., in the amount of $505.75, as the judgment was amended on rehearing, from which judgment defendant, Zurich, has appealed. The appeal has been answered by plaintiff, who seeks an increase in the judgment to the full amount claimed.
The National Casualty Company, insurer of Milton C. Crawford, one of the plaintiffs in the companion suit noted above, was joined as a party defendant, but plaintiff's demands as against it were rejected.
The liability of the National Casualty Company, of course, has been determined by our findings in the Crawford case.
The only issue presented by this cause is with respect to the correctness vel non of the judgment for damages to plaintiff's truck.
We find it unnecessary to discuss the details of the evidence presented, which, in our opinion, preponderates conclusively in favor of the correctness of the amount fixed by the lower Court.
However, it is strenuously urged by plaintiff that it is entitled to an increase in the amount of damages allowed, by reason of the fact that the Court did not take into consideration a claim for the value of the replacement cost of two tires, nor the item with regard to the loss of the use of a truck during the period of effecting the repairs. We do not think the record justifies the claim for tire replacement cost, but we are persuaded that the Judge of the District Court erred in failing to make some allowance with respect to the loss of use of the truck.
It is shown that the truck was out of service for a period of something more than a month, and the President of the plaintiff company testified that the average earnings of each of the seven trucks employed by plaintiff in its service at the time of the accident amounted to some $150 or $200 per month. This estimate was based on the computation of a 50 to 60 percent maximum use of all trucks. Concededly, the number of trucks in use varied from time to time, on occasions all trucks being in use and on other occasions the use being limited to a lesser number. On the whole we think the testimony preponderates in favor of the propriety of a claim for damages resulting from loss of use of the truck in question. Accepting the minimum average earnings of $150 per month, we think the allowance should be based upon this figure less a reasonable depreciation charge, which we fix at $50. *Page 558 
Accordingly, we are of the opinion that the judgment appealed from should be increased by the sum of $100.
For the reasons assigned, the judgment in favor of plaintiff and against the defendant, Zurich General Accident Liability Insurance Company, is amended by increasing the amount thereof to the sum of $605.75, and as amended, is affirmed at appellant's cost.