76 So.2d 587 (1954)
Mrs. Ethel P. CHASE et al., Plaintiff-Appellee,
v.
Mrs. Joyce BURLEY et al., Defendants-Appellants.
No. 8235.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1954.
Rehearing Denied January 4, 1955.
*588 Cotton & Bolton, Rayville, for Mrs. Joyce Burley.
Theus, Grisham, Davis & Leigh, Monroe, for Mrs. Azelia B. Chase.
Anders & Anders, Winnsboro, for Mrs. Ethel P. Chase.
HARDY, Judge.
This is a suit by Mrs. Ethel P. Chase and husband, David L. Chase, for the recovery, respectively, of damages for personal injury and for medical expenses incurred and to be incurred resulting from an automobile accident. Made defendants were Mrs. Azelia B. Chase, daughter-in-law of plaintiffs, and her insurer, Manufacturers Casualty Insurance Company, and Mrs. Joyce T. Burley and her insurer, Southern Farm Bureau Casualty Insurance Company. After trial there was judgment in favor of plaintiff, Mrs. Ethel P. Chase, against defendant, Mrs. Azelia B. Chase, in the amount of $5,000, and against defendant, Manufacturer's Casualty Insurance Company in the amount of $3,500. There was further judgment in favor of plaintiff, David L. Chase, against defendant, Mrs. Azelia B. Chase, in the amount of $2,500, and against Manufacturer's Casualty Insurance Company in the amount of $1,500. The judgment rejected plaintiffs' claims against Mrs. Burley and her insurer. From the judgment defendants have appealed, both suspensively and devolutively, and plaintiffs have perfected a devolutive appeal.
This action arose from an automobile collision which occurred within the corporate limits of the Town of Winnsboro between 5:00 and 5:30 P.M. on October 20, 1952, at the intersection of Pine and Front Streets. A Ford sedan driven by Mrs. Azelia Chase, with Mrs. Ethel P. Chase and the latter's young daughter, who was fortunately uninjured, as passengers, moving south on Pine Street, entered and proceeded to cross Front Street, it being intended by the driver to turn south thereon. A Chevrolet sedan driven by Mrs. Burley west on Front Street collided with the Chase vehicle, the point of impact being the left front of the Burley car and the left side of the Chase automobile. Front Street is shown to be that part of Louisiana State Highway 15 located within the corporate limits of the Town of Winnsboro, and some 150 feet, more or less, *589 east of the Pine Street intersection Highway 15, or Front Street, widens from a two-lane to a four-lane highway. For the purpose of this opinion the respective lanes of the highway from north to south are numbered 1, 2, 3 and 4. Pine Street intersects Front Street at an acute angle from the north by reason of the fact that Front Street along a gradual curve for a considerable distance veers appreciably to the north, its direction at the intersection being approximately northeast. About 20 feet north of Front Street, on the west side of Pine, a Stop sign is located, but it is observed from a plat introduced in evidence that the east curb line of Pine Street curving to the south projects some 60 feet farther before reaching the intersection. At the point where the east curb line of Pine Street actually meets the north boundary of Front Street there is located a gravel parking area in front of the Bankston Grocery Store and in this parking area there is a rather large bait box and a mulberry tree approximately six inches in diameter, both of which somewhat obstruct a view down the highway to the east.
From the above description and the showing made on the plat of other obstructions to the view, it is obvious that the driver of a vehicle who brings the same to a stop at or near the Stop sign is unable to obtain a view along Front Street to the east, the direction from which the Burley car was approaching the intersection, and we feel this to be an important element for consideration in the instant case.
We think the preponderance of the testimony shows that Mrs. Ethel Chase did come to a stop at about the location of the Stop sign and then proceeded into the intersection without observing the approach of the Burley car until she was in its path. The Chase car was moving at a slow rate of speed, but it is indicated that, perceiving the Burley car shortly before the impact, Mrs. Chase attempted to accelerate the speed of the car in order to complete the crossing of Front Street. Two important facts in connection with the accident are the subject of violent dispute by reason of a serious conflict in testimony. Differing estimates of the speed of the Burley car by witnesses ranged from 25 to 60 miles per hour. The actual point of collision on Front Street is variously fixed by the witnesses as having occurred in Lane 2 or Lane 3 or Lane 4.
Proceeding to a consideration of these disputed factors we note that Mrs. Burley testified that she was driving at a speed of 25 to 35 miles per hour. Mrs. Chase testified that the Burley car was moving at a speed of 60 miles per hour; the witness, Bankston, testified that the speed was in the neighborhood of 45 or 50 miles per hour, and the witness, Adams, testified to the speed as being about 40 miles per hour. At the time of the accident Bankston was in front of his store, located as above set forth, and Adams was in front of a service station located to the northwest of the intersection and even further removed from the scene of the accident.
Plaintiffs charge negligence against Mrs. Azelia B. Chase, driver of the Ford automobile, in failure to see what should have been seen, that is, the approach of the Burley automobile, and in driving into a favored street at an intersection without assurance that she could clear the path of oncoming traffic. As against the defendant, Mrs. Burley, plaintiffs charge negligence in failing to keep a proper lookout, in driving at an excessive rate of speed, and in crossing the center line of the highway when she could have avoided the accident by remaining in either Lane 1 or 2 thereof. It is contended on behalf of the defendant, Mrs. Burley, that the sole and proximate cause of the accident was due to the negligence of Mrs. Azelia B. Chase in driving into the main highway without observing traffic and without ascertaining if she could safely enter and turn upon the said highway. The defendant, Mrs. Azelia Chase, joins in the charges of negligence made by Mrs. Ethel P. Chase against Mrs. Burley and rests upon the same as being the sole cause of the accident.
There appears to be no serious contention as to the right of plaintiffs to recover against one or both of the defendants, drivers of the automobiles involved.
*590 We think the evidence conclusively establishes the negligence of Mrs. Ethel P. Chase in failing to see what could and should have been seen, in this instance the approach of the Burley automobile. Conceding that Mrs. Chase brought her car to a stop at the Stop sign, it is nonetheless clear that from this position she could not make any sort of observation for traffic approaching from the east on Front Street, and we think it is further established that she failed to make any additional effort of observation in this direction. There is no question, even according to her own testimony, but that Mrs. Chase knew Front Street to be a highly favored highway and that all traffic on intersecting streets was required to stop before entering same. We take this occasion to point out the fact that there seems to be a somewhat prevalent idea among automobile drivers to the effect that when one has brought a vehicle to a stop, as required by law, before entering an intersection with a favored street he has fulfilled the requirements of the law. This is but a part, indeed the least effective part, of a motorist's duty. The very purpose of stopping is to permit the opportunity for a full and complete observation in both directions along the favored street in order to ascertain the presence of approaching traffic which might interfere with free and safe passage across such favored highway. In the fulfillment of this duty Mrs. Ethel Chase completely failed and it follows that this negligence was a proximate and effective cause of the collision.
Learned counsel for defendants Mrs. Chase and Manufacturers Casualty Company insistently urges the analogy between the present case and the case of Lewis v. Firemen's Ins. Co. of Newark, N. J., La.App., 73 So.2d 669, recently decided by this court. We think counsel labored under a misconception and misapplication of the facts. In the cited case Lewis testified that he observed the Kile automobile when it was turning into the favored street from an intersection some four hundred feet away, and he was justified in assuming that he could negotiate the crossing of the street in safety. Only when he was a little over halfway across the intersection, at which time he estimated the Kile car to be only fifty feet away, did he discover his error in judgment. Certainly there was no question as to the conclusion that Lewis had pre-empted the intersection. In the instant case the defendant, Mrs. Chase, testified that she first saw the Burley vehicle when she was entering Lane 2 of Front Street. It is clear in our minds that if Mrs. Chase had been careful to make observation from a point where a view could be obtained along Front Street to the east, before entering the intersection, she could have observed the approach of the Burley automobile. Her failure to do so is conclusive evidence of her negligence. Examination of other cases cited by diligent counsel convinces us that they were distinguishable under the facts from the case at bar and therefore cannot be accepted as appropriate authority. Among these cases we have particularly noted McDonald v. Stellwagon, La.App., 140 So. 133; Murphy v. Hartley, La.App., 144 So. 785; Gauthier v. Fogleman, La.App., 50 So.2d 321. We take occasion to again point out the fact that a motorist is not justified in acting upon a mere assumption when there is no ground for making the same. In the instant case it cannot be logically urged that Mrs. Chase had the right to assume that the driver of the Burley car would take action to permit the crossing of the intersection in safety when she did not see the Burley car. It follows that there was no basis for any assumption. This identical point has recently been disposed by this court in the very recent case of National Retailers Mutual Insurance Co. v. Harkness, 76 So.2d 95, in which we said:
"Counsel for defendant urges and cites authority to the point that Miss Harkness had the right to assume that Gibson would stop before entering the intersection. This might have been true if Miss Harkness had been on a right-of-way street and if Gibson had been required by any statute or ordinance to bring his vehicle to a stop before entering, but neither of these conditions is present. Further we reject the argument in this respect because *591 since Miss Harkness did not see Gibson's car at any time she had no ground for assuming anything in connection with it, and, certainly, she did not rely in the slightest degree on any such assumption."
There remains for determination the question as to whether the negligence of Mrs. Chase was the sole cause of the collision. In other words, whether Mrs. Burley was guilty of any concurrent negligence which could be held to be a proximate or contributing effective cause.
Much is made of the argument that Mrs. Burley was exceeding the legal speed limit established by the municipal authorities of the Town of Winnsboro. This proposition is argued, pro and con, by counsel for all parties. It is contended on the one hand that the legal limit was fixed at 25 miles per hour. On another hand it was argued that the legal limit was raised to 35 miles per hour, and this argument, in turn, is attacked on the ground that the purported raising of the limit was attempted to be accomplished by resolution rather than by ordinance and the ensuing question of law is urgently debated. After careful consideration we have come to the conclusion that the speed of the Burley automobile cannot be considered to have constituted a cause of the accident, and, for that reason, we think it is a moot question as to whether the local speed regulation by the Town of Winnsboro was 25 or 35 miles per hour. As to the actual speed, we think the best approximation to be somewhere in the neighborhood of 35 miles per hour, and in support of this conclusion we choose to rely upon physical factors rather than upon what we regard as the inaccurate approximation of speed as submitted by the respective witnesses.
It is established that skidmarks made by Mrs. Burley's application of brakes extended some 33 feet more or less from the actual point of impact. At the time of impact the Burley car was still moving with sufficient speed to collide with the Chase automobile with enough force to cause the latter to overturn against the south curb of Lane 4 of Front Street. However, this in itself is not evidence of an unusually violent collision because the angle of impact was primarily responsible for the overturning of the Chase car. The photographs of the respective automobiles, though indicating the effects of considerable damage, do not justify the conclusion that the Burley car was still moving at a tremendous rate of speed as is contended. Mrs. Burley's testimony was to the effect that she observed the entrance of the Chase automobile into the highway in front of the course of her car at a distance which she estimated as being in the neighborhood of 50 feet; that she applied the brakes and swerved the car to the left in the effort to avoid a collision. It is clear that Mrs. Burley's observation must have been made at a distance greater than 50 feet in order to allow for reaction time plus the 33 foot measured distance of the skidmarks. In any event, it is evident that she was keeping a lookout and it is apparent that she must have observed the Chase car as soon as it entered Front Street.
As to the point of collision, because of the conflict in testimony, we can only conclude that the location should be fixed at some point in Lane 3 to the left of the center line of the highway. This is not indicative of any negligence on the part of Mrs. Burley in view of her testimony that she turned her car to the left. On this point, as above observed, it is urged that Mrs. Burley was negligent because she could have avoided the accident by remaining in Lane 1 or 2 to the right of the center of the street. While in the instant case this may be true, it must be considered that this truth is predicated upon "hindsight", judgment after the fact. It is well established by our jurisprudence that a driver confronted by an emergency is not liable by reason of any error of judgment in choosing the least efficacious of two or more alternatives to the avoidance of a collision. Shipp v. Ferguson, La.App., 61 So. 2d 531; Peltier v. Travelers Ins. Co., La. App., 49 So.2d 346; Crawford v. Zurich General Acc. & Liability Ins. Co., La.App., 42 So.2d 553.
*592 On the basis of these facts we are firmly of the opinion that the negligence of Mrs. Azelia B. Chase must be considered to have been the sole proximate and effective cause of the collision. There remains for consideration the quantum of damages. Mrs. Ethel P. Chase specified a number of injuries, the most serious of which comprehended a dislocation of the right shoulder, a compound fracture of the right mandible, simple fracture of the left mandible, and diabetes alleged to have resulted from the shock and injuries sustained in the accident. Accompanying the serious injuries above described, Mrs. Chase sustained a number of bruises, contusions and a hematoma on the right side of the head. By reason of the injuries Mrs. Chase was hospitalized for a considerable period of time and was totally incapacitated for some ninety days, more or less. Substantial recovery has been effected with reference to the injuries with the exception of some recurrent pain and weakness of the right shoulder, a difficulty in or obstruction of speech, and a numbness and lack of sensory perception in the lower jaw due to the fracture thereof. According to the testimony the difficulty in speech and the numbness of the jaw appear to be of a permanent nature.
As to the claim resulting from plaintiff's diabetic condition, we have found no difficulty in eliminating this as bearing any relation to the injuries sustained in the accident, for we think the medical testimony overwhelmingly preponderates against this claim.
On appeal plaintiffs urged that the judgment awarded Mrs. Chase should be increased to $16,000 and that awarded her husband should be increased to $11,000. The latter claim is principally supported upon the basis of a continuing medical expense exclusively concerned with treatment of the diabetic condition, and by reason of our findings, as above set forth, it follows that the same should be disallowed. Recovery by David L. Chase should properly be restricted to the amount of damages for medical expense incurred as the direct result of the injuries sustained, which amount was fixed in the sum of $1,211.61. To this should be added the sum of $240 representing the salary of the wife during the ninetyday period during which she was incapacitated and which sum accrues to the community. The judgment in favor of David L. Chase should therefore be reduced to the amount of $1,451.61.
Plaintiff, Mrs. Ethel P. Chase, is unquestionably entitled to substantial damages made up of allowances for pain and suffering and permanent disability by reason of the defect in speech and the numbness of the jaw which will cause rather serious inconvenience and embarrassment during the remainder of her life. We think an allowance of $10,000 would not be excessive under the circumstances.
Plaintiffs prayed for solidary judgment against defendants, to which we think they are entitled, as against those held liable, subject to limitations with respect to liability of the defendant, Manufacturers Casualty Insurance Company, as imposed by the policy in effect which specified maximum liability, in case of bodily injury, of $5,000 for each person, $10,000 for each accident, and a property damage liability of $5,000 for each accident.
For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby amended to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Mrs. Ethel P. Chase, and against the defendants, Mrs. Azelia B. Chase and Manufacturers Casualty Insurance Company, in solido, in the full sum of $10,000; that there be further judgment in favor of the plaintiff, David L. Chase, and against the said named defendants, in solido, in the full sum of $1,451.61.
It is further ordered, adjudged and decreed that the liability of the defendant, Manufacturers Casualty Insurance Company, be and it is hereby specifically limited and restricted to the maximum limit of the policy in force and effect, which is fixed in *593 the sum of $5,000 for bodily injury liability to any one person.
There is further judgment rejecting plaintiffs' demands against Mrs. Joyce T. Burley and Southern Farm Bureau Casualty Insurance Company.
The judgment rendered herein shall bear interest at the rate of 5% per annum from judicial demand until paid.
All costs are assessed against the defendants, Mrs. Azelia B. Chase and Manufacturers Casualty Insurance Company, in solido.