BOLIN, Judge.
Plaintiffs, husband and wife, sue the Hertz Corporation and Samuel C. Sanford for damages for personal injuries and special damages allegedly caused by the negligence of Sanford in operating a vehicle leased to him by Hertz. An exception of no cause of action filed by Hertz was sustained and the demands against that company were dismissed. Sanford denied any negligence on his part, pleaded contributory negligence, and reconvened for damages for personal injuries allegedly received by him. After trial on the merits the lower court decided the accident was caused solely by the negligence of Mr. McCaa but rejected Sanford’s reconventional demand for lack of proof and plaintiffs appeal. Since defendants have neither appealed nor answered the appeal the reconventional demand is not before the court.
The accident occurred during daylight hours at the intersection of North Second Street and Hudson Lane in Monroe. The Sanford vehicle was traveling north on North Second and the McCaa car was traveling east on Hudson Lane. By municipal ordinance North Second is accorded the right of way. There is a stop sign warning traffic on Pludson Lane to stop before entering North Second Street.
There were only four eyewitnesses to the collision: the two plaintiffs, who were the only occupants of their car; Sanford, alone in the Hertz rental car; and Don Denton, a disinterested witness, who was driving his automobile directly behind the McCaa vehicle. The only other testimony relative to the accident was that of a city police officer who arrived after the collision.
In a well-reasoned written opinion the district judge commented upon the testimony of each witness and concluded the accident was caused entirely by the negligence of Mr. McCaa in knowingly entering a favored street from an inferior one without stopping and making proper observation. The lower court further found that Sanford was not guilty of excessive speed or any other act of negligence causing or contributing to the collision.
In order for plaintiffs to recover they must prove either fault, negligence, imprudence or want of skill against defendant. (Louisiana Civil Code Articles 2315, 2316.)
The settled jurisprudence of this state is to the effect that a motorist, driving at a reasonable rate of speed on a right of way street, has a right to assume that a driver approaching the intersection from a less favored street, governed by a stop sign, will yield the right of way by bringing his car to a complete stop before entering the intersection. He may indulge in this assumption until he sees, or should see, that the other driver has not observed, or is not going to observe, the law. See Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339 (1959) and Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 2 A.L.R.3d 1 (1960).
We have reviewed the record and find no errors in the conclusions of the judge below.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.