180 So.2d 866 (1965)
Weldon DOUCETTE et al., Plaintiffs-Appellees,
v.
Martin PRIMEAUX et al., Defendants-Appellants.
No. 1574.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Rehearing Denied December 22, 1965.
Writ Refused February 4, 1966.
Davidson, Meaux, Onebane & Donohoe, Timothy J. McNamara, Lafayette, for defendant-appellant.
McBride & Brewster, by William H. McBride, Lafayette, for plaintiff-appellee.
*867 Kibbe, Edwards & Cooper, by Silas B. Cooper, Jr., Abbeville, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
FRUGE, Judge.
This suit was instituted by Yvette Greene Doucette for personal injuries; by her husband, Weldon Doucette, as head and master of the community, for medical expenses incurred in connection with his wife's personal injuries plus the $50.00 deductible damage done to his 1961 Oldsmobile; and by State Farm Mutual Automobile Insurance Company, as collision insurer of the Doucettes, for the balance of the property damage (stipulated to be $958.92) suffered by the Doucettes' vehicle in the collision, to which rights they were subrogated by their insured, Weldon Doucette. Made defendants in this action were Martin Primeaux and Traders & General Insurance Company.
The accident occurred on March 20, 1963, in the Town of Maurice on U. S. Highway 167, where Louisiana Highway 92 enters it from the east to form a T-intersection. There is a stop sign on Louisiana Highway 92 for traffic entering from it onto U.S. 167. The speed limit for automobiles traveling on Highway 167 through Maurice and at the T-intersection is 25 miles per hour. Mrs. Doucette was a passenger sitting in the rear seat of her husband's Oldsmobile, which was being driven in a northerly direction by Mrs. LeBoeuf, the guest driver. On the front seat with Mrs. LeBoeuf was Mrs. Fuselier, another guest passenger. The defendant, Martin Primeaux, was driving west on Louisiana Highway 92, and the accident occurred when he entered the principal highway (U.S. Highway 167), turning left in a southerly direction.
Plaintiffs contend that Mr. Primeaux was the sole and proximate cause of the collision in failing to stop at the intersection designated with a stop sign and in colliding with the automobile which Mrs. Doucette was in.
Defendants-appellants have perfected this appeal alleging that the trial court erred in finding Mr. Primeaux to be the sole and exclusive cause of the accident. In the alternative that the lower court erred in disregarding the positive testimony that Mrs. LeBoeuf was equally guilty of negligence, so as to make State Farm Mutual Insurance, the omnibus insurer of the Doucette vehicle, liable for one-half of the judgment rendered by the lower court against defendants in favor of Mr. and Mrs. Doucette, and, further, in failing to reject State Farm Mutual's demand as a subrogee on the grounds of the contributory negligence of Mrs. LeBoeuf. Further, that the amount of general damages awarded was grossly excessive and should be reduced.
After a careful and thorough review of the facts and the testimony of the ten witnesses called, we find no manifest error committed by the lower court. As this court has said in Hulin v. Guilbeaux, La. App. 3 Cir., 171 So.2d 713,
"The well settled rule applies that, evaluation of credibility being primarily within the province of the trial court, factual determinations by the trial court should not be disturbed upon appellate review in the absence of manifest error."
The testimony of the three ladies in the Doucette vehicle is clear that Mr. Primeaux ran the stop sign into the principal highway from a secondary highway without stopping. The two ladies who saw Primeaux actually run the stop sign stated that he turned into their lane of traffic. Mrs. Doucette did not see the Primeaux car until a moment before impact and testified that the other car was in their lane of traffic. The state trooper who investigated the accident stated that from the physical evidence at the scene of the accident it was indicated that the collision took place in the Doucette vehicle's lane. The position of the two cars after the accident is also a good indication of the situs of the accident. The exact situs of the *868 collision was never determined, however, it can be concluded that it was in the right lane south of the intersection. Whether it was "two car lengths" or a "little bit south" of the intersection was a fact which was not and could not be exactly ascertained. The extensive amount of damages suffered by both vehicles is convincing proof that Mr. Primeaux did not stop but made a banking turn onto U. S. Highway 167 and struck the Doucette vehicle in their lane. Making such a turn as this and striking plaintiff's vehicle at the angle in which it did is the reason the Doucette vehicle suffered such extensive damage to its front end.
From the evidence and testimony it is not possible for this court to believe Mr. Primeaux came to a complete stop before entering Highway 167. As to whether or not Mrs. LeBoeuf brought her vehicle to a dead stop or was still moving slightly is not of sufficient importance to relieve Mr. Primeaux of being the proximate cause of the accident.
We therefore conclude that Mr. Primeaux was the sole and exclusive cause of the accident and find Mrs. LeBoeuf free of any proximate causation resulting in this accident.
The next issue is whether Mrs. LeBoeuf contributed to the cause of the accident.
The testimony in evidence shows that Mrs. LeBoeuf had slowed her vehicle to within the speed limit prior to her sighting of Mr. Primeaux's approaching from a secondary highway. She sounded her horn, further braked her car, and when she saw that Mr. Primeaux was not going to stop, attempted to bring her car to a complete stop.
The law of this state is clear, LSA-R.S. 32:123, subd. B that a motorist must not only stop before entering a right of way thoroughfare, but he must remain stopped until he ascertains that he can proceed with safety. Howard v. Insurance Co. of North America, La.App., 162 So.2d 165; Central Louisiana Electric Co. v. Hodges, La.App., 137 So.2d 132; Dyck v. Maddry, La.App., 81 So.2d 165; and Chase v. Burley, La.App., 76 So.2d 587.
A motorist on a favored highway is entitled to presume that one on the less favored road will not disobey the law and move into an intersection, and no strict or extraordinary care is required of a favored motorist under such circumstances. New Hampshire Fire Ins. Co. v. Bush, La.App., 68 So.2d 254, and cases cited.
The only serious question is whether Mrs. LeBoeuf waited too long in applying her brakes after seeing the Primeaux vehicle was not going to stop. Mrs. LeBoeuf, driving on the principal throughfare, did what a prudent person required in being within the speed limit, slowing down when she saw the Primeaux vehicle approaching on a secondary highway, sounding her horn at said vehicle, and when said vehicle did not stop at the intersection as required, attempted to brake her vehicle. Mrs. Fuselier and Mrs. LeBoeuf both testified that their car was completely stopped. Trooper David testified that their car could have been completely stopped but, if it was moving, was moving very slowly.
As was recently said in McCaa v. Hertz Corporation, La.App. 2 Cir., 178 So.2d 772:
"The settled jurisprudence of this state is to the effect that a motorist, driving at a reasonable rate of speed on a right of way street, has a right to assume that a driver approaching the intersection from a less favored street, governed by a stop sign, will yield the right of way by bringing his car to a complete stop before entering the intersection. He may indulge in this assumption until he sees, or should see, that the other driver has not observed, or is not going to observe, the law. See Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339 (1959) and Youngblood v. *869 Robison, 239 La. 338, 118 So.2d 431, 2 A.L.R.3d 1 (1960)."
The defense of contributory negligence is a positive defense which must be proven by a preponderance of the evidence. This burden of proof was not carried and it is believed by this court that Mrs. LeBoeuf acted as a reasonable and prudent driver and, under the circumstances, we find she was not guilty of contributing to the cause of the accident.
The last and final question is the amount of damages.
One medical expert testified, Dr. J. E. McClelland, for the plaintiff. Defendants offered no rebuttal medical testimony. The doctor testified that as a result of the accident Mrs. Doucette sustained a whiplash and two penetrating wounds below the right knee, which were not stitched but left scars. She was hospitalized the day of the accident and saw him four times thereafter for that injury, and numerous times thereafter for causes unrelated to the accident but at such times the doctor testified he always checked her to see how the whiplash injury was improving.
The doctor testified that on these occasions he found objective residual verifying Mrs. Doucette's complaints, and that when he made a specific examination a year after the accident to evaluate residual disability he found spasm and "rigidity of the muscle" (Tr. 153), as well as some spasm and rigidity on his last examination some two years after the accident, although much milder (Tr. 153).
We find no abuse of discretion in the trial court's award of $3,250 for these injuries, the award being comparable to those made in Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71, and Cassreino v. Brown, La.App. 4 Cir., 144 So.2d 608. A trial court award should not be disturbed upon appellate review unless there has been an abuse of the "much discretion" of the trial court in assessing such damages. Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64. We find none here.
For the foregoing reasons, the judgment of the trial court is affirmed; the costs to be paid by appellants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., absent.