BOLIN, Judge.
This is a tort action for damages allegedly arising out of a collision between two automobiles at the intersection of Pine and *753 Broadway Streets in the City of Minden, Louisiana. Jessie Noah was driving his 1957 Oldsmobile south on Pine Street and Tommy McClure was operating his father’s 1957 Oldsmobile west on Broadway. Made defendants were D. T. McClure, father of the minor Tommy, and McClure’s liability insurer. Subsequent to trial, but prior to judgment, Jessie Noah died of lung cancer, which was in no way connected with the accident, and his wife and children were substituted as plaintiffs. The trial judge concluded the accident was caused solely by the negligence of Tommy McClure and rendered judgment in favor of plaintiffs and against defendants for $3,000 for personal injuries, together with $1,359.87 for special damages, and defendants appeal.
The sole issue presented on appeal is one of fact, i. e., by whose fault was the accident caused. In a well-reasoned written opinion the district judge found that both parties were returning to their respective occupations after the noon meal; that it was either raining at the time, or had been, and the streets were still wet.
At the scene of the accident Broadway has two lanes of traffic, with parallel parking on both sides, and is designated as a one-way street going generally southwest in the direction of Shreveport. Pine Street is a two-lane, two-way street running generally north and south.
Traffic is normally controlled by automatic lights located at the four corners of the intersection. On the day in question the traffic light at the corner nearest a filling station to Noah’s right had been knocked down and the remaining lights were not functioning normally.
The trial court was convinced the light facing Noah as he approached Broadway on Pine Street was flashing red and those facing Tommy McClure, as he proceeded down Broadway, were flashing yellow. A crew from the highway department was working on these lights and had them set to flash in the above manner while synchronizing the mechanism. This crew had parked its one-ton truck, with hydraulic ladder attached, on Broadway in such a manner as to block Noah’s vision of traffic approaching from his left on Broadway. Noah testified he stopped at the intersection, waited briefly, then eased out carefully past the truck to where he could see and, seeing nothing coming from his left, he looked to the front to see if any car was making a left turn into Broadway. At that moment his automobile was struck in the left rear by the McClure car and knocked across the intersection into a fireplug.
Tommy McClure, who was driving in the left of the two traffic lanes of Broadway, testified he observed the yellow flashing light facing him and slowed slightly about 60 feet from it, saw that the way appeared to be clear and accelerated to proceed through the intersection. He further testified he first saw plaintiff’s car when it was approximately halfway in the intersection. He stated he applied his brakes but was unable to avoid colliding with plaintiff’s car.
From the preceding findings of fact the court concluded:
“In this Court’s opinion these facts prove the negligence of Tommy R. McClure. By his own admission on this wet, slick street Tommy was traveling at the maximum speed limit of 25 miles per hour and was approaching this blinking caution light as though it had been green.
******
“Had Tommy McClure reduced his speed and approached this intersection with any caution at all, it is the opinion of this Court that he could have stopped or swerved before striking plaintiff’s car as it proceeded into the intersection.
“There is no indication that plaintiff was negligent in any respect that proximately caused this accident. This Court is persuaded that he did stop and did thereafter ease out in a careful manner in order to see around the highway department truck that blocked his vision. The *754 fact that he did not observe the McClure vehicle near the corner indicates that the McClure vehicle was farther up the street, rather than that plaintiff did not look carefully.”
We find the record supports the trial judge’s conclusion that the accident was caused solely by the negligence of Tommy McClure.
Appellant contends alternatively, in the event the court affirms the judgment of the trial court on the issue of liability, that the amount awarded is excessive.
The accident occurred on November 18, 1964. Plaintiff received painful injuries over a large portion of his body and was hospitalized three times for approximately fifty days. When he returned to work, he continued to experience pain in his left hip and knees as late as September, 1965. Special damages in the amount of $1,359.87 were stipulated and the additional sum of $3,000 awarded for the injuries, pain and suffering sustained by Jessie Noah appears to be just and reasonable.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.