CULPEPPER, Judge.
This is a suit for damages arising out of an intersectional collision. Plaintiff’s minor son, James Trouth, was driving one of the vehicles. The other was driven by Carrol Savant, minor son of the defendant, Elridge Savant. The district judge found both drivers negligent and denied recovery. Plaintiff appealed.
The principal issue on appeal is whether plaintiff’s son was guilty of contributory negligence, barring his recovery.
The accident occurred at the intersection of Arizona Street, which runs north and south, with Cypress Street, which runs east and west in a commercial area of the City of Sulphur, Louisiana. On the northeast *556 comer there is a board fence, approximately 6 feet high, running along both Arizona and Cypress Streets. The fence obstructs the view of south bound traffic on Arizona with regard to west bound traffic on Cypress.
During the day and until 11:00 p. m. this intersection is governed by a standard alternating red-amber-green traffic light. At 11:00 p. m. it changes to a flashing amber caution light for traffic proceeding on Arizona and a flashing red stop light for traffic on Cypress. This accident occurred at about 12:30 a. m., while the flashing lights were in operation.
Trouth was driving south on Arizona Street at the maximum lawful speed of 25 miles per hour. He was familiar with the intersection and knew of the existence of the flashing light and the fence on the northeast corner, which obstructed his view of any west bound traffic on Cypress. Admittedly, he did not reduce his speed. There is a dispute as to whether his testimony should be interpreted as saying that he did not look to his left or right for traffic approaching on Cypress, before entering the intersection. The trial judge, in a well considered written opinion, found as a fact that Trouth did not take this elementary precaution. The evidence supports this conclusion.
Trouth says that, seeing no traffic approaching on Cypress Street, he proceeded into the intersection, where the left front fender of his vehicle was struck by the right front fender of the Savant car.
Carrol Savant was driving in a westerly direction on Cypress Street. He failed to stop for the red flashing light and proceeded into the intersection. It is apparent that Savant was negligent in ignoring the red flashing light.
The issue is whether Trouth was also negligent. The applicable statute, LSA-R.S. 32:234, provides in pertinent part:
“A. Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows:

“(2) Flashing yellow or amber (caution signal)—
When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signals only with caution.’’ (Emphasis added).
In the case of State Farm Mutual Automobile Insurance Company v. Merritt, 185 So.2d 832 (La.App., 3rd Cir. 1966) we construed the above quoted statutory provisions, in a very similar factual situation, and held as follows:
“ * * * A motorist on a favored street who approaches an intersection which is controlled by a yellow flashing traffic light is under a duty to exercise a greater degree of vigilance and care than is required of a motorist on such a street who enters an intersection on a green light or who approaches “a crossing which is not controlled by traffic lights or signs of any kind. In our opinion, where an intersection is controlled by red and yellow flashing lights, the motorist on the right-of-way street who is confronted with the yellow light must exercise caution and vigilance as he enters the intersection in order that he may ascertain whether he can proceed into the crossing with safety.” (Citations omitted).
Applying the law as set out above to the present case, Trouth was negligent. Before entering the intersection he was under a duty to observe for vehicles approaching on Cypress Street and to take such precautions that he could avoid striking any such traffic. If he had slowed down and looked to his left he could have seen the approaching Savant vehicle in time to avoid the collision. His failure to take these precautions constituted negligence which was a contributing legal cause of the accident.
*557 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.