LOTTINGER, Judge.
This is an intersectional automobile accident case wherein the plaintiff, Peter Drago, as a guest passenger, sues his host driver, Samuel T. Recatto, Jr., as well as the liability insurer of the other automobile, State Farm Mutual Automobile Insurance Company (hereinafter sometimes referred to as State Farm). The Trial Court found in favor of the plaintiff and against the host driver, but dismissed plaintiff’s suit against State Farm. It is from this dismissal that the plaintiff has perfected this appeal.
The record points out that at about 10:00 p. m. on October 22, 1967, the plaintiff-appellant, Drago, was a guest passenger in an automobile owned and being driven by Recatto. The Recatto automobile was proceeding in an Easterly direction along the Old Covington Highway in Hammond, Louisiana. Drago and Recatto were both volunteer firemen with the Hammond Volunteer Fire Department. At the time of the accident, they were answering a fire alarm, and proceeding ahead of them at an undetermined distance on the Old Cov-ington Highway was a fire truck of the Hammond Volunteer Fire Department, with its red flashing light and siren in operation.
The Old Covington Highway runs in a generally easterly and westerly direction, and intersects with Range Road which runs in a generally northerly and southerly direction, at which intersection this accident occurred. At the intersection of Old Cov-ington Highway and Range Road there is a stop sign and blinking red light for traffic proceeding along Old Covington Highway, and a blinking yellow or “caution” light for traffic proceeding along Range Road. The southwest corner of the intersection is obscured by shrubbery and trees so that a driver approaching the intersection on Old Covington Highway from the west would not see traffic approaching the intersection from his right until said driver is about one car length from the intersection. The same would be true for a driver approaching the intersection on Range Road from the south. All of the parties involved were familiar with this intersection.
Sam Recatto testified that he was traveling between 25 and 30 miles per hour on the Old Covington Highway, and slowed down to 20 or 25 miles per hour when he went into the intersection. He stated further that he did not come to a complete stop before entering the intersection, but he did look in both directions and saw a car coming on the right. He admitted that he thought this car was farther away than it was.
Raymond Clausen, the driver of the automobile insured by State Farm, the defendant, testified that he did not see the Recatto automobile until it was just about to enter the intersection, at which time he was traveling about 35 or 40 miles per hour. At this point, Clausen speeded up hoping to avoid a collision, whereas Recatto cut his steering wheel hard to the left and speeded up, also in an attempt to avoid a collision.
The plaintiff-appellant has proposed that the issue before this Court is “whether or not a driver on a favored street which has yellow ‘caution’ lights has any duty to the passenger of any vehicle that may be traveling along any intersecting roadway which may have a stop sign or red flashing light, where the driver of the vehicle having such a stop sign or red flashing light fails to heed this signal.”
We are of the opinion that the above proposition must be answered in the affirmative. LSA-R.S. 32:234, subd. A (2) provides that “when a yellow lens is *572 illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or pass such signal only with caution.” Thus we see that the traffic regulatory statutes of this State allow a vehicle to proceed through a flashing yellow light or “caution” light but only with caution. We must therefore conclude that because of the requirement of proceeding with caution, a special duty is imposed on the driver of this particular vehicle. Simply stated, this duty is to proceed through a flashing caution traffic signal with the requisite amount of care and caution.
There is no indication anywhere in the record that Clausen was not driving within the posted speed limit when he approached this intersection on Range Road. That because Clausen was confronted with a “caution” light as opposed to a stop sign and flashing red light, he was on the favored street.
It has oftentimes been said that “the settled jurisprudence of this state is to the effect that a motorist, driving at a reasonable rate of speed on a right of way street, has a right to assume that a driver approaching the intersection from a less favored street, governed by a stop sign, will yield the right of way by bringing his car to a complete stop before entering the intersection. He may indulge in this assumption until he sees, or should see, that the other driver has not observed, or is not going to observe, the law.” McCaa v. Hertz Corporation, 178 So.2d 772, 773 (La.App. 2nd Cir. 1965).
The plaintiff-appellant contends that since Clausen did not look to his left prior to the intersection, he did not exercise the requisite amount of caution. It is certainly correct that the driver of an automobile must use caution in entering an intersection marked with a caution. It is also correct that one element in the exercise of this caution would be to look for approaching traffic at the intersection. There seems to be no question but that Clausen did not do this. Both Clausen and Lawrence Pecoraro, Jr., the passenger in the Clausen automobile, testified that Clausen did take his foot off the accelerator prior to the intersection. Pecoraro testified that he did see the approaching automobile twenty-five yards prior to the intersection, but could not judge its speed, and it was not until they got much closer that he realized it was not going to stop. In approaching this dangerous intersection, which was partially a blind one, since a driver approaching same could not see traffic until said driver was about one car length from the intersection, we are of the opinion that Clausen was negligent in two respects, one in not being cautious in approaching and proceeding through a flashing yellow light, and second in attempting to pass through a partially blind intersection at the speed he was traveling. Recatto gave no indication he would stop. Clausen should have slowed down his vehicle to meet the emergencies that he would be confronted with at this kind of an intersection. For that reason his negligence was a proximate cause of the accident.
State Farm, in its answer, has set up a defense of joint mission on the part of the plaintiff and defendant Recatto. We fail to find any joint mission or any acts of contributory negligence on the part of the plaintiff.
There was judgment rendered below in favor of plaintiff and against Samuel T. Recatto, Jr., in the full sum of $11,610.00 with legal interest thereon from date of judicial demand until paid, and for all costs. For the reasons given above, the said judgment appealed from is amended so as to include State Farm Mutual Automobile Insurance Company as liable in solido with Samuel T. Recatto, Jr., as debtors in said judgment, and that said defendants are liable for all costs of Court.
Judgment amended and affirmed.