ELLIS, Judge.
Plaintiff Anthony Robinson brings this suit for personal injuries and property damage suffered by him in an automobile accident on the night of January 4, 1970. Defendant is Millers Mutual Fire Insurance Company of Texas, insurer of John T. Lane, operator of the other vehicle involved in the accident. From an adverse judgment, plaintiff has appealed.
The accident happened at the intersection of Plank Road, a four lane street running north and south, and Evangeline *288 Street, which runs east and west. Traffic on Plank Road was controlled by a flashing yellow light, and on Evangeline Street by a flashing red light.
Mr. Lane testified that he was heading east on Evangeline Street, and stopped at the flashing red light. After several cars on Plank Road had passed, and seeing no approaching traffic, he drove out into the intersection, and, when crossing the easternmost northbound lane of Plank Road, was struck in his right front door by plaintiff’s vehicle. Mr. Lane’s negligence is not disputed. However, defendant claims that plaintiff was contributorily negligent.
Plaintiff testified that he was driving north on Plank Road in the easternmost traffic lane, at a rate of speed of 30 to 35 miles per hour. He stated that he did not see the Lane car until it was in the inside northbound lane of Plank Road. He applied his brakes, but was unable to avoid the collision. Plaintiff testified that he had observed a black car enter Plank Road from Evangeline Street as he approached the intersection, but did not state that he observed Mr. Lane stopped at the intersection or at any other time until it was too late to avoid the collision.
The district judge disposed of the case as follows:
“The duty of a motorist confronted with a flashing yellow caution light is spelled out in the case of Pederson v. Schenck, (1967) [La.App.] 204 So.2d 316, wherein the Court stated:
“ ‘The duty of one approaching a flashing yellow light is set forth in R. ' S. 32:234, which provides that drivers of vehicles may proceed through or past such a signal only with caution. One proceeding on a favored highway, when faced with a flashing yellow light, is held to a higher degree of care than one on an uncontrolled, favored highway approaching an intersection at which crossing traffic is controlled by a stop signal. He may not proceed into such an intersection unless he has first ascertained that it is safe for him to do so, and must approach the intersection in such a manner as to have his vehicle under appropriate control at all times. Granata v. Simpson, 181 So.2d 791 (La.App. 1 Cir. 1965); State Farm Mutual Automobile Insurance Company v. Merritt, 185 So.2d 832 (La.App. 3 Cir. 1966).’
“See also other cases following the same holding: Pecunia v. Gaudet, [La.App.] 217 So.2d 511; Neal v. Weaver, [La.App.] 220 So.2d 751; Trouth v. Allstate Insurance Co., [La.App.] 221 So.2d 555; and Drago v. State Farm Mutual Automobile Insurance Co., [La.App.] 236 So. 2d 570.
“In the present case there is no question from Robinson’s own deposition that his actions failed to indicate a response to the flashing caution light confronting him. While he apparently was driving within the speed limit at the time, he did not slacken his speed in approaching the intersection nor observe the traffic which was obviously halted on the west side of Plank Road on Evangeline Street. As an indication that he was not keeping a careful lookout required of the motorist in this situation, he acknowledged he did not see the Lane car until it had almost struck him at which point the Lane automobile had in fact traversed nearly three lanes commencing from a stopped position on Evangeline. It strikes the court that Robinson was relying on the caution light to the same extent as he would have for a green light and in this reliance he was in error.”
We find no manifest error in the foregoing conclusion reached by the trial judge.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.