282 So.2d 745 (1973)
LIBERTY MUTUAL INSURANCE COMPANY
v.
George W. WILSON et al.
No. 9444.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied September 25, 1973.
Writ Refused December 14, 1973.
*746 Robert J. Vandaworker, Baton Rouge, for appellants.
Aubrey L. Moore, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
The matter before us involves a suit under the uninsured motorists provisions brought by Liberty Mutual Insurance Company to recover amounts paid to its insured under the uninsured motorists provisions of its policy. George W. Wilson and Thomas C. Watson, drivers of the two vehicles involved in the accident, are defendants along with C. H. Watson, Thomas Watson's father and Louisiana Farm Bureau Mutual Insurance Company, the insurer of the Watson vehicle. The trial court found that the accident was proximately caused by the joint and concurring negligence of both drivers and awarded judgment in solido against all party defendants for the sum of $2,191.65, the amount paid by Liberty Mutual under its uninsured motorist coverage. The matter was tried on a confirmation of default against Wilson and he has not appealed; however, Thomas C. Watson, C. H. Watson, and Louisiana Farm Bureau have appealed the decision of the trial court.
The record reveals that the accident occurred in the intersection of Government Street and St. Louis Street in Baton Rouge. Mrs. Martha Hartford and her son, Alfred Hartford, were passengers in the Wilson vehicle. At the time of the accident, they were covered under the uninsured motorist provisions of a policy issued by plaintiff-appellee to Alfred Hartford. After the accident, they settled their personal injury claims under the uninsured motorist coverage with plaintiff-appellee.
The case is before us on the question of liability on the part of Thomas C. Watson, it being argued that he was not at fault in the accident.
The intersection where the accident occurred is controlled by a flashing signal light. Traffic on St. Louis Street which runs north and south, is confronted with a flashing red light, while traffic on Government Street, which runs east and west, is controlled by a flashing yellow light, thus giving the latter street the status of a favored *747 street. At the intersection in question, St. Louis Street is straight and relatively level while the Government Street approach from the west is on a steep upgrade.
St. Louis Street, south of Government Street, is a one way street for traffic traveling north and is composed of three separate lanes of traffic. Government Street is a four lane street with two lanes for east bound traffic and two lanes for west bound traffic.
At the time of the accident, Wilson was traveling the center lane of St. Louis Street heading north. Watson was traveling east on Government Street in the inside lane. The investigating officer testified that the collision occurred eighteen feet west of the east parallel line of St. Louis Street while Watson was in the center lane of St. Louis Street and Wilson was in the inside lane of Government Street. The testimony of other witnesses established that the Watson vehicle struck the Wilson vehicle on the left side near the back door.
Wilson testified that although faced with a flashing red light, he did not come to a complete stop prior to entering the intersection, but merely slowed down and proceeded into the intersection because he saw no approaching traffic.
Watson testified that he was traveling through the intersection at approximately 35 miles per hour and that he saw the Wilson vehicle when he was approximately 35 feet from the intersection. He also testified that he was familiar with the intersection. Although the testimony is a bit unclear, it appears that because of the steep upgrade on Government Street and the buildings located in the southwest corner of the intersection, his view was somewhat impaired.
Appellant contends that the trial court erred in finding negligence on the part of Watson. Under LSA Revised Statute 32:234, a motorist approaching a flashing yellow light must proceed through or past the signal with caution. The jurisprudence of this state is well settled that a motorist on a favored street approaching an intersection controlled by a flashing yellow light must exercise caution and vigilance as he enters the intersection in order that he may ascertain whether he can proceed into the crossing with safety. Neal v. Weaver, La.App., 220 So.2d 751 (1969); State Farm Mutual Automobile Ins. Co. v. Merritt, La.App. 185 So.2d 832 (1966); Noah v. Employers Liability Ins. Co., La, App., 197 So.2d 752 (1967); Drago v. State Mutual Ins. Co., La.App., 236 So.2d 570 (1970).
The trial court predicated the holding of negligence on Watson's part on its finding of fact that he failed to slow his vehicle when he observed other traffic approaching the intersection. There is sufficient evidence to support the trial court's finding in this regard.
Additionaly, Watson was also negligent in failing to approach the intersection with caution, in that the speed at which he was traveling was too great under the circumstances. At such speed, and without taking steps to reduce his speed in his approach to the intersection, he was unable to ascertain whether he could proceed into the intersection with safety. His conduct was even more unreasonable because of the fact that he was familiar with the hazardous nature of the intersection. Although a motorist on a favored street can expect that a motorist confronted with a blinking red light will stop and yield the right of way, there is a special duty placed on the motorist of the favored street faced with a blinking yellow light calling his attention to a dangerous intersection, to be vigilant and cautious so that he may ascertain that the approaching motorist will heed the traffic signal and yield the right of way. Drago v. State Farm Mutual Automobile Ins. Co., La.App., 236 So.2d 570 (1970). Watson failed to meet this duty.
*748 Appellants next contend that the judgment awarded against C. H. Watson in solido with Thomas Watson and Louisiana Farm Bureau Mutual Insurance Company was erroneous. An examination of the record does not reveal the reason for the trial court's imposing liability on C. H. Watson. Although Thomas C. Watson was C. H. Watson's son, he was an adult at the time of the accident. Consequently, there would have to be an additional relationship not shown by the record in order to render C. H. Watson liable.
Therefore in this respect, the trial court's judgment must be reversed. In all other respects, the judgment of the trial court is affirmed, appellants to pay all costs.
Affirmed in part, reversed in part, and rendered.