LOTTINGER, Judge.
This suit results from an automobile accident which occurred at approximately 10:15 P.M. on December 12, 1975, at the intersection of Choctaw Drive and Ardenwood Drive in Baton Rouge, Louisiana. Talbert was a guest passenger in a 1973 model Ford automobile owned and operated by defendant, Willie L. Ramsey. Defendant, Albert Cotton, Jr., was the driver of a 1971 model Chevrolet automobile which was traveling easterly on Choctaw Drive and attempted a left turn in front of the approaching Ramsey vehicle. Choctaw at that point is a four lane undivided street. The intersection was controlled by a flashing amber light which was on and working facing traffic on Choctaw Drive.
Following the trial below, the Trial Court held both drivers concurrently negligent and awarded Willie J. Talbert judgment in the sum of $2,500.00 for pain and suffering, and an additional $565.22 as medical expenses. Defendant Ramsey took an appeal and the plaintiff answered the appeal seeking an increase in quantum.
For the purpose of the trial below, another suit entitled Ramsey v. Cotton, 349 So.2d 960, No. 11459 on the docket of this court was consolidated with the instant case for trial. Said case also arises out of the same accident and we will treat them together in this opinion, however, we will render separate judgments.
The evidence, as indicated by both Ramsey and his passenger, Talbert, indicates that the former was driving at a rapid rate of speed on Choctaw in a westerly direction in order “to beat” a train moving in the same direction parallel to Choctaw in order that they could cross the train tracks ahead of the train. At the same time, the Cotton vehicle was heading in an easterly direction on Choctaw toward its intersection with North Ardenwood. As he slowed his vehicle with the intention of making a left turn on North Ardenwood and was in the process of making the turn, he was struck on the right side of his car by the speeding Ramsey vehicle. Talbert testified that they were trying to beat the train and when he *960 noticed that the Cotton car had its signal on and had moved into the left turn lane, he called it to the attention of Ramsey, who jumped giving Talbert the impression that he had not seen the Cotton car. By this time it was too late to avoid the accident.
Ramsey acknowledged that he was trying to get ahead of the train but stated that he was merely driving at between 35 and 40 miles per hour. He said that he first observed the Cotton vehicle immediately prior to the collision. Cotton, on the other hand, said that he did not see Ramsey’s automobile until collision. It is apparent to this Court as it was to the Trial Court that neither of the drivers were attentive. There is no question that Cotton was negligent in turning left in front of the oncoming Ramsey vehicle. Further, there is no question but that Ramsey was negligent in proceeding through a blinking caution light at a speed of 35 or 40 miles per hour.
LSA-R.S. 32:234A(2) provides as follows:
“FLASHING YELLOW OR AMBER (CAUTION SIGNAL) — When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.”
In Liberty Mutual Insurance Company v. Wilson, 282 So.2d 745, 747 (La.App. 1st Cir. 1973), writ refused, 286 So.2d 362 (La. 1973), the court said:
“The jurisprudence of this state is well settled that a motorist on a favored street approaching an intersection controlled by a flashing yellow light must exercise caution and vigilance as he enters the intersection in order that he may ascertain whether he can proceed into the crossing with safety.”
Plaintiff Talbert was out of work approximately three months before he attempted to go back. It was brought out on cross-examination that during this part of the year his work would have been sporadic in as much as he drove a cement truck. We feel that any award for loss of wages would have been too speculative, and therefore, feel that the Trial Court was correct in refusing to award loss of wages. It would have been very easy for Talbert to have obtained the records of his employer as to the days that were actually worked. No such evidence was tendered.
Following the accident, Talbert complained of pains in the right side of his chest anteriorly. There were abrasions over the left leg below the knee and a contusion over the tibia below the right knee, as well as tenderness over the right biceps muscle and over the posterior aspect of the left arm. He was treated at Our Lady of the Lake Hospital in Baton Rouge. X-rays of the skull, tibia and chest were negative, and he was prescribed some medicine for pain and released. Dr. Lott reported, that in his opinion, Mr. Talbert sustained a contusion of the head with a whiplash syndrome and traumatic sprain of cervical and lumbar spine. He was disabled for about five months. We find no error in the award.
Therefore, for the reasons hereinabove assigned, the judgment of the Trial Court is affirmed; all costs of this appeal to be paid by appellant, Ramsey.
AFFIRMED.